Camp *et al. v.* Smith.

No. 11,430.

## CAMP ET AL. *v.* SMITH.

HUSBAND AND WIFE.—*Trust and Trustee.*—A husband may hold land in trust for his wife, under an agreement to so hold it, where the purchase-money is paid by her, and the transaction is without fraud.

EVIDENCE.—*Sheriff's Return and Deed.*—Under a claim of title through a sheriff's sale the return to the execution is not inadmissible as evidence because it does not state in what county the land levied on is situate, nor because it shows a levy on personalty undisposed of at the time of the sale ; nor is the deed inadmissible because of unimportant discrepancies in dates between it and the execution and return.

SAME.—*Impeachment of Witness.*—An affidavit and mortgage made by a witness inconsistent with his testimony are admissible to impeach him.

SAME.—*Proof of Title.*—Proof that a party, claiming title to lands, paid off a mortgage thereon given by another, has no tendency to sustain his title against an attack upon the ground that he was a purchaser with notice of a trust, and is, therefore, inadmissible.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler* and *S. M. Holcomb, Jr.,* for appellants.

*E. Gough* and *J. S. Buchanan,* for appellee.

HAMMOND, J.—The appellants George Camp and Louise Sutler were the plaintiffs, and the appellants Elizabeth Scott and Jonas Camp, and the appellee Thomas Smith, were the defendants in this action. The case was commenced in the Warrick Circuit Court, and thence taken by change of venue to the court below. It was sought by the plaintiffs to obtain the partition of real estate amongst themselves and the defendants, except Smith, and to set aside a sheriff's sale and conveyance under which it was averred that Smith claimed title.

The following, in brief, is the case made by the complaint : Plaintiffs and defendants, except Smith, are the only children of Caroline Camp, who died March 26th, 1869, leaving also surviving her John S. Camp, her husband. In 1856 the real estate in controversy was purchased with her separate money, and the title thereto taken in the name of her said husband under an agreement, made in good faith and without fraud,.

between him and her, that he would hold the title to said real estate in trust for her. Possession was taken and retained by the family until her death, and since that time said John S. Camp and the children, parties herein, have remained in possession. Defendant Smith, on April 6th, 1875, recovered judgment in the Warrick Circuit Court against John S. Camp and one Stacer. Execution issued on the judgment January 10th, 1879, and the sheriff of Warrick county levied it upon the lands in dispute, and on March 15th, 1879, sold said lands at sheriff's sale to Smith. It is averred that Smith purchased with notice that John S. Camp held the land in trust for the said children of his deceased wife.

While there is no question in this court as to the sufficiency of the complaint, we may say that it, in our opinion, states a good cause of action. A husband may hold land in trust for his wife, under an agreement to so hold it, where the purchase-money is paid by her, and where the transaction is without fraudulent intent. Section 2976, R. S. 1881; *Derry* v. *Derry,* 74 Ind. 560; *Robertson* v. *Huffman,* 92 Ind. 247; *Goldsberry* v. *Gentry,* 92 Ind. 193.

Smith answered the complaint by the general denial. The answer of the other defendants, which was by guardian *ad litem,* they being minors, claimed for them the same interest in the lands as was asserted by the plaintiffs.

Smith also filed a cross complaint in ejectment against the plaintiffs and his co-defendants, to which they answered by the general denial. There was a trial by the court and a finding and judgment for Smith, that the plaintiffs take nothing by their complaint, and that he recover of the plaintiffs his costs. The plaintiffs and the defendants Scott and Camp moved for a new trial, which was overruled; they excepted to the ruling and appealed to this court.

Appellee Smith at the trial introduced in evidence, over appellants' objections, the judgment referred to in the complaint, the execution which was issued thereon, the sheriff's return thereto and the sheriff's deed. It was generally ob-

jected to all these that they were incompetent and irrelevant, but such general objection to evidence, as has been often decided, presents no question.   It is also insisted that the return to the execution does not sufficiently describe the real estate levied upon, as it fails to state in what county it is situated.   The execution was directed to, and returned by, the sheriff of Warrick county, and it must be presumed that the land levied upon was in that county, because the sheriff could not levy upon land outside of his county.   It was also objected to the return to the execution, that it shows a levy upon personal property undisposed of at the time of the sale of the real estate.   What effect such undisposed of levy upon personal property might have upon the validity of the sale of the real estate would depend upon evidence *aliunde,* but it could not render the execution or return incompetent as evidence.   The only objection made to the introduction of the sheriff's deed as evidence, not predicated upon objections made to the return to the execution, related to certain discrepancies in dates existing between the deed and the execution and return.   These do not appear to us as important, and do not, in our opinion, affect the validity of the deed or destroy its competency as evidence.

John S. Camp testified in behalf of the appellants, and his evidence quite fully sustained the material averments of the complaint as to his holding the land as trustee.   On cross examination by the appellee, he admitted having executed a mortgage on the lands in controversy, to secure a loan from the school fund, and also that at the time of executing the mortgage, he made an affidavit as to his ownership of the lands.   The appellee put in evidence, over the appellant's objections, the mortgage and affidavit referred to.   They were made April 20th, 1872.   By the affidavit, said John S. Camp declared that he was the owner of the lands described in the mortgage, and that there was no better claim thereto either in law or equity.   The mortgage and affidavit were a part of the same transaction, and we think they were clearly admissible in evidence to impeach the evidence of said John S.

Camp. His declarations in the affidavit, as to being the legal owner of the land and as to there being no legal or equitable claim against the same, were inconsistent with his evidence at the trial that he held the land merely as trustee.

The appellee Smith, over appellants' objections, also put in evidence the receipts of the treasurer of Warrick county, showing that he had paid off the loan procured by said Camp and secured by the mortgage above referred to. In admitting this evidence, there was error. The payment of this mortgage by the appellee did not in any way aid his title, nor tend to prove that he was a purchaser of the lands at sheriff's sale without notice of the appellants' alleged equities. We are without the benefit of a brief from appellee to explain the object, or to defend the admission, of the evidence. It could, it seems to us, have been received for no purpose but to show that Smith had a strong equitable claim to the real estate in controversy by reason of having discharged it from the encumbrance of the school fund mortgage. There was no issue in the case to which such proof was applicable, and on account of the error in receiving it, we are compelled to reverse the judgment.

Reversed with costs, with instruction to sustain appellants' motion for a new trial.

Filed Nov. 24, 1884.