Fry *et al. v.* Louisville, New Albany and Chicago Railway Company.

Judgment affirmed.

Filed Oct. 14, 1885.

No. 11,920.

FRY ET AL. *v.* LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

RAILROAD.—*Bill of Lading.—Contract.*—One who sues upon a contract contained in a bill of lading must recover, if at all, upon that contract.

SAME.—*Common Carrier.—Shipment at Reduced Rates.—Action for Overcharge.
—Answer.*—A bill of lading for a car load of freight from Crawfordsville, Indiana, to Jamestown, Dakota, contained a guaranty that the rate should not exceed that specified in the bill, but it was stipulated that the rate was to be $120 per car, and that the articles shipped were "for farm purposes." At the place of destination, which was on a connecting railroad owned by another company, the latter demanded, and was paid under protest, $235 before delivering the property to the shipper. To a complaint against the contracting company on the contract, and for money had and received, to recover the overcharge, it was answered, that by an arrangement with the company owning the connecting road, the latter would carry freight for farm purposes at the reduced rate given, and that the shipper falsely represented the property to be for farm purposes, upon discovering which fact the usual rate was charged.

*Held,* that the answer is sufficient on demurrer.

From the Montgomery Circuit Court.

*E. C. Snyder,* for appellants.

*A. D. Thomas,* for appellee.

ZOLLARS, J.—Appellants brought this action to recover from appellee the amount of an alleged overcharge on freight.

Their case, as made in the first paragraph of the complaint, is as follows: They delivered to appellee for shipment one car load of horses, buggies and seed oats. Appellee undertook and agreed in writing to transport and carry, and cause

to be transported and carried, said car load of horses, buggies and seed oats from Crawfordsville, Indiana, to Jamestown, Dakota, for the sum of $120, and, as evidence of that agreement, delivered to appellants a receipt and contract in writing, which is set out in full as a part of this paragraph of complaint. The contract thus set out is what is commonly known as a bill of lading. The stipulations in the bill of importance here are, that the transportation was to be made upon the terms and conditions contained in the bill, and a guaranty that the rate of freight for the transportation should not exceed the rates specified in the bill. Under the head of "Marks and Consignees" is the following: "This bill of lading is from Crawfordsville, Indiana, to Jamestown, Dakota. The rate of freight to be $120 per car." Under the head of "Description of Articles" is the following: "1 car horses, buggies, O. K. and seed oats. * * For farm purposes. Pass man in charge. This car to go through." Written across the bill of lading is the following: "Read this contract." The horses, buggies and seed oats were safely transported to the place of destination over appellee's road and connecting road. At the place of destination, appellants presented the bill of lading and demanded of the railroad company in charge, the horses, buggies and seed oats, at the same time tendering $120, the stipulated amount of freight. This the company refused and demanded $235, which appellants were compelled to pay in order to get their property, and which they did pay under protest. To recover back the difference between this amount and the amount agreed upon, this action was brought.

The second paragraph of the complaint is for money had and received. The ground upon which the demand is predicated is not specifically stated.

To this complaint, appellee filed an answer in one paragraph. While it neither expressly admits nor denies the averments in the complaint, it is in the nature of a confession and avoidance. The substance of it is, that appellee

had an arrangement with companies owning connecting lines of railroad, under which they would receive from its line and forward to Jamestown, Dakota, at reduced rates, all freights that were being forwarded upon through contracts " for farm purposes ; " that said companies, owning the lines over which the car of horses, etc., was transported, would have carried it for such a sum ; that there would have been no charge, additional to the amount stated in the bill of lading, had the horses, buggies and seed oats been, in fact, for farm purposes ; that appellants represented to appellee's agents, at the time the contract of shipment was made, that the horses, etc., were for farm purposes ; that the representations were false, and that said horses, etc., were not shipped " for farm purposes," as represented by appellants, and as stipulated in the contract sued on ; that it was owing to the discovery of the fact that said horses, etc., were not forwarded to Dakota for farm purposes, that the additional charge was made for carrying them, and that the additional charge, together with the $120 agreed upon, was only the usual price for that class of freight from Crawfordsville to Jamestown, Dakota.

The overruling of a demurrer to this answer is the assigned error upon which appellants rely for a reversal of the judgment.

It will be observed that it is alleged in the first paragraph of the complaint, that the contract, as to the amount to be charged and paid for the carriage, was reduced to writing. The bill of lading containing that contract was filed with and as a part of the complaint. The contract is very clearly a contract in writing, and just as clearly the right of recovery under the first paragraph of the complaint, if there is a right of recovery, rests upon, and must rest upon that written contract. *Indianapolis, etc., R. R. Co.* v. *Remmy,* 13 Ind. 518; *Hall* v. *Pennsylvania Co.,* 90 Ind. 459; *Bartlett* v. *Pittsburgh, etc., R. W. Co.,* 94 Ind. 281.

But for the special agreement in the bill of lading as to the amount to be paid for the carriage, appellants would be unconditionally bound to pay the customary and usual charges

for the carriage of the class of property shipped by them. The validity of that contract is not questioned by either side. They both assert its validity; the one by suing upon it, and the other by defending under it. If, then, the stipulation as to amount to be charged for the carriage is a part of the contract of shipment and binding upon the parties, just as clearly the stipulation that the horses, etc., were for farm purposes, is also a part of the contract and binding upon them. There is no question here of a stipulation being inserted in a bill of lading at such a place, or in such a manner, as to escape the ready observation of or to mislead the shipper, nor of a stipulation being so written that it can not be read or understood. Here, the stipulation that the horses, etc., were for farm purposes, was written out in full, and for aught that appears, plainly written. It is side by side with the stipulation as to the amount to be charged by appellee, and paid by appellants; and more than this, the stipulation was put into the contract upon the representation by appellants that the horses, etc., were for farm purposes. Appellants, therefore, had knowledge of the stipulation, both from the bill of lading and their own representations. Having made the representations, that the horses, etc., were for farm purposes, it could not be reasonably said that they did not understand the meaning of the stipulation in the bill of lading. The bill of lading was and is the written contract of the parties, and by its terms their rights and liabilities must be measured. The reasonable interpretation of it is, that the horses, etc., were being shipped to Dakota for the purpose of being there used for farm purposes. This is the substance of the representations made by appellants. The substance of the answer is, that appellee's agents so understood the representations, and that, in consideration of the fact that the horses, etc., were to be so used, appellee agreed to transport them for $120, instead of $235, the usual and ordinary charges. We know of no reason why the railroad company may not as well insist upon the stipulation that the horses,

etc., were for farm purposes, as that appellants may insist that the amount to be charged and paid for the carriage shall be $120 and no more.

It is alleged in the answer that the representations that the horses, etc., were for farm purposes, were false, and that they were not being shipped to Dakota to be there used for farm purposes. This, of course, the demurrer admits, as it does all other facts that are well pleaded in the answer.

It is insisted by appellants' counsel, that the stipulation in the bill of lading, that the horses, etc., were for farm purposes, was and is a condition subsequent, and hence could not be broken until after delivery of the horses, etc., to appellants, and their use for purposes other than farm purposes. This might be granted without overthrowing appellee's defence. If, in advance of such delivery, appellants had declared that they would not use the horses, etc., for farm purposes, nor so dispose of them that they might be so used, it would seem to be clear that the carrier would not be bound to surrender the property on payment of the reduced freight, and take the risk of thereafter recovering the proper and usual rates. It is averred in the answer, and admitted by the demurrer, as already stated, that the property was not being shipped to be used in Dakota for farm purposes. For aught that appears, that fact may have been established by the declarations or other acts on the part of appellants. However that might be, the demurrer admits it to be a fact that the property was not being shipped for the purpose of being used for farm purposes. This fact being admitted, it must follow that appellants are not entitled to the reduced rate stipulated in the bill of lading, and that appellee was and is entitled to charge the usual and customary rates. We think it clear, too, that the answer fully meets and answers the second paragraph of the complaint. All of the facts stated in the answer are applied in answer to the second paragraph of the complaint by the averment, "that the second paragraph of said complaint for money had and received is for the same

alleged overcharge of freight, as averred in the first paragraph of said complaint." We conclude that the answer is sufficient to withstand the demurrer directed against it, and that hence the judgment must be affirmed. The answer, however, is by no means a model plea, and is evidently not the result of the pleader's best efforts.

Judgment affirmed, with costs.

Filed Oct. 16, 1885.