Worley v. Sipe.

No. 12,117.

WORLEY v. SIPE.

CONTRACT.—*Conveyance.*— *Married Woman.*— *Release of Inchoate Interest.*— *Consideration.*—*Statute of Frauds.*—The complaint in this case alleged that the plaintiff's husband sold a tract of land belonging to him to the defendant, the plaintiff joining in the conveyance; that the consideration for the land and the conveyance was the promise of the defendant to pay her five hundred dollars, it being agreed that he should sell the land as soon as he could procure a purchaser and pay said sum to plaintiff; that he had had frequent opportunities to sell the land for its full value, but had neglected and refused to do so; that he had refused to pay plaintiff the agreed sum; that he denied making the promise, and claimed that he was under no obligation to pay her any amount whatever.

*Held*, that the contract is supported by a sufficient consideration, is not within the statute of frauds, and that the complaint is good on demurrer.

From the Delaware Circuit Court.

*R. S. Gregory, A. C. Silverburg* and *C. W. Moore*, for appellant.

*W. W. Orr* and *J. E. Mellette*, for appellee.

ZOLLARS, C. J.—Appellee alleged in her complaint, in substance, that in 1879 her husband was the owner of a tract of land which he sold to appellant; that the consideration for the land, and the conveyance by her and her husband, was a promise on the part of appellant to pay to her the sum of five hundred dollars; that it was agreed that appellant should sell the land after it should be conveyed to him, as soon as he could procure a purchaser therefor, and pay to appellee the agreed sum of five hundred dollars; that appellant had had frequent opportunities to sell the land for its full value, but had neglected and refused to sell it; that he had refused to pay to her the five hundred dollars, denied ever having promised to pay the same, and claimed that he was not under any obligations to pay her that, or any other amount.

The court below overruled a demurrer to the complaint. That ruling appellant has assigned as error.

His contention, as we understand the argument of his

counsel, is: *First.* That the complaint shows that the amount is not due. In other words, that, according to the averments in the complaint, the amount was not to be paid until appellant should sell the land, and that it was a matter purely optional with him as to when he should sell it. *Second.* That as the agreement to pay to appellee the five hundred dollars was not in writing, it was within the statute of frauds, and can not be enforced; first, because it was a contract for the sale of land, and second, because it was a contract not to be performed within one year. R. S. 1881, section 4904.

That there was a sufficient consideration for the promise is clear. The release of appellee's inchoate interest in the land was a sufficient consideration. *Jarboe* v. *Severin,* 85 Ind. 496; *Hollowell* v. *Simonson,* 21 Ind. 398; *Brown* v. *Rawlings,* 72 Ind. 505.

Here, however, it appears, from the averments in the complaint, that the consideration for the agreement on appellant's part was not only the relinquishment by appellee of her inchoate interest in the land, but, also, the sale and conveyance of the land by the husband.

The contract which appellee is seeking to enforce is clearly not a contract for the sale of land. The sale of the land was perfected and fully executed by the execution of the deed and the possession given to, and accepted by, appellant. Nothing remained but the payment of the purchase-money; that may be recovered, notwithstanding the statute. *Sands* v. *Thompson,* 43 Ind. 18 (22); *Huston* v. *Stewart,* 64 Ind. 388 (395); *Reyman* v. *Mosher,* 71 Ind. 596; *Arnold* v. *Stephenson,* 79 Ind. 126.

Nor was the contract for payment set up in the complaint within that clause of the statute which provides that no action shall be brought upon any agreement not to be performed within one year, unless the agreement is in writing. *Hill* v. *Jamieson,* 16 Ind. 125; *Fall* v. *Hazelrigg,* 45 Ind. 576; *Baynes* v. *Chastain,* 68 Ind. 376 (380); *Cole* v. *Wright,* 70 Ind. 179 (197).

The demurrer admits as true the averments of the complaint, that appellant agreed to sell the land and pay to appellee the five hundred dollars as soon as he could find a purchaser; that he had had frequent opportunities to sell it for its full value, but neglected and refused to sell, and finally denied the existence of any agreement or any liability.

Whatever might otherwise be said of the agreement to pay, and the duty of appellant to sell the land within a reasonable time, it is certain that he can not deny the existence of the agreement, and at the same time insist upon its terms to show that the amount is not due. Having denied the existence of the agreement, and having refused to pay upon that ground, he is no longer in a position to insist that the amount can not become due until the sale of the land, and that he may consult his own convenience as to when he shall sell it. *Durland* v. *Pitcairn*, 51 Ind. 426, and cases there cited; *Fry* v. *Louisville, etc., R. W. Co.*, 103 Ind. 265.

The demurrer to the complaint was properly overruled.

There is evidence tending to sustain the verdict and judgment in favor of appellee; this court can not, therefore, reverse the judgment upon the weight of the evidence.

Judgment affirmed, with costs.

