Filed Oct. 18, 1890.

---

No. 14,389.

## MARCILLIAT *v.* MARCILLIAT ET AL.

TRUST.—*Conveyance to One but Consideration Paid by Another.— When Trust Results.*—Where a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust results in favor of the latter, unless the grantee shall have taken the conveyance in his own name without the consent of the person with whose money the consideration was paid, or unless it shall be made to appear that by agreement, without any fraudulent intent, the person to whom the conveyance was made, was to hold the land in trust for the one paying the purchase-money. Sections 2974, 2976, R. S. 1881.

SAME.—*Evidence Insufficient to Establish.*—Where it appeared that a son, a single man, living with and working for his father, bargained for and paid the purchase-price of real estate the title to which was taken in the father's name, but it was not certain that the money paid was not earned in the father's service, and the evidence was not satisfactory that the father ever acknowledged the trust, and it did not appear who took possession, or that the son asserted ownership during his father's lifetime, a finding by the court that there was no agreement to hold the land in trust for the son's benefit will not be disturbed.

From the Perry Circuit Court.

*C. H. Mason,* for appellant.

*W. A. Land,* for appellees.

MITCHELL, J.—The appellant Emile Marcilliat claimed to be the equitable owner of forty acres of land in Perry

county, the legal title to which had been taken in the name of his father, who died in 1879, leaving the appellant and a brother and sister as his only heirs. The appellant, claiming to have paid the entire purchase-price of the land, and that the title had been taken in the name of his father without any fraudulent intent, in pursuance of an agreement that the latter was to hold it in trust during his lifetime, brought this suit to have the trust declared and the title quieted in him.

The facts, as the evidence tended to show, were, that in 1871, the appellant being about twenty-three years old, was living and working on the farm with his parents, helping to support them. He purchased, or rather bargained for, the real estate in controversy, agreeing to pay $650 for it, and paid $200 in cash, and for the deferred payment his father executed his promissory note, due in four years, and secured it by a mortgage on the land.

There was some evidence tending to show that it was agreed at the time of the purchase that the title should be taken in the name of the father, but that the appellant should pay off the purchase-money note, and that the land should " belong to " or " go to " him.

The evidence tends to show that the appellant paid the purchase-money note and interest after his father's death, and that he was not indebted to any one at the time the conveyance was made.

After hearing the evidence the learned court below refused to declare the trust as prayed, and adjudged that the plaintiff below take nothing by his suit. An appeal is prosecuted, and we are now asked to reverse the judgment solely upon the ground that the finding and judgment of the court are not sustained by, and are contrary to, the evidence.

Our conviction is that the court below might well have established the trust upon the evidence as it appears in the record, but after carefully considering the facts as they ap-

pear, we have concluded, after some hesitation, that the finding and judgment can not be disturbed.

Under our statute relating to trusts and powers, where a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust results in favor of the latter, unless the alienee or grantee shall have taken the conveyance in his own name without the consent of the person with whose money the consideration was paid, or unless it shall be made to appear that by agreement, without any fraudulent intent, the person to whom the conveyance was made, was to hold the land in trust for the one paying the purchase-money. Sections 2974, 2976, R. S. 1881.

It is indisputably true that the observation and experience of mankind have established and vindicated the general rule, that one who furnishes or supplies the purchase-money, intends, in the absence of circumstances indicating a contrary purpose, that the property purchased shall be for his own benefit, even though the title may be, by mutual agreement, as a matter of convenience, or for some collateral purpose, taken in the name of another. Edwards v. Edwards, 39 Pa. St. 369 ; Perry Trusts, section 126 ; Story Eq. Jur., section 1201.

Payment of the purchase-money, the parties being strangers, raises a presumption that the one to whom the conveyance was made took the title in trust for the benefit of the person who supplied the money with which to pay the consideration. In such a case an agreement to hold the land in trust arises, or may arise, by implication of law, out of the fact that another paid the whole, and the grantee paid no part of the purchase-price, but under the statute already adverted to, it is essential, where it clearly appears that the conveyance was taken in the name of a third person by the direction of, or with the consent of, the person who paid the purchase-price, that it should also appear that there was an

agreement, made, without any fraudulent intent, to hold the title in trust for the benefit of the person so paying.

When the whole transaction, including the agreement, amounts to substantially nothing more than the creation and verbal acknowledgment of what in equity constitutes a resulting trust, or a trust created by implication of law, it is not within the statute of frauds, and the agreement may be proved by oral evidence. Especially is this so when to exclude the evidence and permit the grantee to appropriate the estate would result in the perpetration of a fraud. *McDonald* v. *McDonald*, 24 Ind. 68 ; *Cox* v. *Arnsmann*, 76 Ind. 210. In such a case the trust results from the payment of the purchase-money, or by implication or construction of law upon the whole transaction, rather than from the parol agreement, which is to be regarded as in the nature of an acknowledgment of the trust. *Fitzpatrick* v. *Papa*, 89 Ind. 17 (20) ; *Boyer* v. *Libey*, 88 Ind. 235, and cases cited ; *Goldsberry* v. *Gentry*, 92 Ind. 193.

While it appears from the testimony of the appellant, and of the person who made the conveyance, that the former paid the purchase-money for the land in controversy, it also appears that he was living with his father, and working on his farm at the time, being then a single man, and it is not altogether certain but that the money paid may have been regarded as having been earned while in his father's service, and the evidence that the father ever acknowledged the trust, or agreed to hold the land for the appellant's benefit, may not have been satisfactory. It does not appear who took possession of the land, or whether any improvements were made, nor is there a word to indicate that the appellant ever claimed or asserted any ownership of the land during the lifetime of his father. Besides, this action was not commenced until the lapse of nearly ten years after his father's death.

Taking all the circumstances, the court may have been

justified in the conclusion that there was no agreement to hold the land in trust for the appellant's benefit.

The judgment is affirmed, with costs.

