Rein hard, J.
The appellee filed a claim against the estate of appellant’s decedent. The statement of the claim consisted of a complaint in one paragraph, to which a demurrer was filed and overruled. The appellant then filed an answer in five paragraphs, the first being a general denial, and the others pleas of the statute of limitations of six, ten and fifteen years, respectively, excepting the fifth paragraph, which was an answer of res adjudicata. Demurrers were -sustained to all the affirmative answers but the fourth paragraph, and proper exceptions were reserved to all the adverse rulings, by the appellant. A reply of general denial placed the cause at issue. The first error assigned and discussed assails the ruling upon the demurrer to the complaint.
The substance of the complaint is that during the year 1872 the appellee, Susan Barber, was the wife of Thomas Barber, then alive, but since deceased; that she and her said husband then resided in Hendricks county, Indiana; that her said husband was then the owner in fee of one hundred and sixty acres of land in Hendricks county, Indiana, of the value of $7,500, in which the appellee then had her inchoate right and interest as the wife of said Thomas Barber.
Then follows a description of the land, which we omit.
It is then averred that while appellee and her said husband were in possession of said land, he being the owner as aforesaid, to wit, on the 2d day of October, 1872, her said husband was indebted to Jesge Durham, the husband of the decedent, Isabel Durham, in the sum of $4,000, evidenced by the promissory notes of said Thomas Barber for said amount; that said Thomas Barber was largely indebted to other persons far above *4 his ability to pay, and said Jesse Durham was urging said Thomas Barber to execute to him a mortgage on said lands to secure his said debt and give him a preference over other creditors, and on the 6th day of March, 1873, said debt to said Jesse Durham being still unpaid, the said Thomas Barber agreed to execute to him a mortgage on said lands to secure said debt, and that then the said Jesse Durham came to the appellee (then the wife of said Thomas Barber) and requested her to sign said mortgage with her said husband, which she refused to do; that said Jesse Durham, being desirous of obtaining a mortgage on the entire interest in said lands to avoid any trouble in regard to the title in making sale of the same, said Jesse Durham then and there agreed with the appellee that in consideration of her signing said mortgage with her husband, and of her agreement then made that she would not appear to or resist a foreclosure of said mortgage, and her agreement not to redeem from said sale to be made on the foreclosure of such mortgage, he, the said Jesse Durham, agreed that he would take and foreclose said mortgage and purchase said lands at the sheriff’s sale to be made on such foreclosure, and hold one-third of said land for the appellee, and would protect her one-third inchoate interest therein, and that as soon as he could sell said land he,- the said Jesse Durham, would pay the appellee one-third of whatever should be realized from a sale of said lands when the same should be sold; and that appellee reposed great confidence in said Durham, and relying on his said promises and agreements, and by reason of the confidence she reposed in him, and without any other consideration whatever, signed and executed said mortgage with her said husband, and that appellee, fully performed all and every part of said agreement on her part, and that said agreements were entered into without any *5 fraudulent intent; that said Durham received and accepted said mortgage under said agreement,and afterwards foreclosed the same in the Hendricks Circuit Court, in the ■State of Indiana, and caused a certified copy of the decree of foreclosure to be issued by the clerk of said court to the sheriff of the proper county; that after the sheriff had duly advertised said lands for sale under said decree, and on the day set for the sale of said lands, the said sheriff duly offered the same for sale to satisfy said decree, and said Jesse Durham bid therefor the sum of said debt and costs, and he being the highest and best bidder therefor the said sheriff struck off and sold the said land to said Jesse Durham and issued to him a certificate of purchase under said decree; that afterward, and before the year of redemption had expired, in pursuance of said agreement, and to enable said Durham to make sale of said land, the appellee and her husband surrendered the possession of said land to said Durham, and he leased the same to a tenant, and before the year of redemption had expired said Jesse Durham died testate, having, by his will, duly probated in Montgomery county, Indiana, bequeathed and devised to said Isabel Durham, the decedent, all his interest in all said lands, and that she took possession of the same and received the said certificate of purchase therefor, and that afterwards, on the 16th day of July, 1875, obtained a sheriff’s deed for said lands, without paying any consideration for the same; that she had full notice and knowledge of the aforesaid facts and agreements between appellee and said Jesse Durham, and that said Isabel Durham received the rents and profits of said lands for thirteen years, to the amount and value of $400 per year, and that on the 1st day of August, 1888, said Isabel Durham sold and conveyed said lands to one Matthias A. Roof, and received the entire purchase-price therefor, amounting to $8,000, and held and *6 retained the same until the time of her death, although the appellee, after said sale, often requested her to pay one-third of the purchase-price of said lands to her, which she neglected to do,' and that there is due the appellee one-third of said $8,000, to wit, $2,666.66, and one-third of the rents of said land, together with six per cent, interest thereon from the date of said sale.
Wherefore she prays judgment for $4,000 and all proper relief.
It is earnestly contended that the complaint seeks a recovery on an express trust created by parol, which is in violation of the plain provisions of the statute. R. S. 1894, sections 3391, 6631 (R. S. 1881, sections 2969, 4906).
The section first cited is as follows: "No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."
The last section referred to reads thus: "Every conveyance of any existing trust in lands, goods, or things in action, unless the same shall be in writing, signed by the party making the same or his lawful agent, shall be void."
It is plain, to our minds, that the mortgage executed by the appellee and her husband under the alleged agreement was not the creation of a trust in or concerning lands within the meaning of either of the sections quoted.
Nor do we think it was a trust "in goods or things in action," as contemplated by the section last above set out. It can certainly not be maintained that under the agreement the mortgagee was to hold the title of the land for the benefit of the appellee. Whatever right or title she had in such land she conveyed away by the *7 execution of the mortgage and the agreement not to defend the foreclosure, and not to redeem. By the terms of the agreement, Jesse Durham not only acquired the legal title but also the absolute right to dispose of the same at his own will and pleasure. The only thing he was required to do was to hold for and pay to the appellee one-third of the proceeds of the sale. It is true there is an averment that he agreed to “hold” a one-third interest in the land for the appellee, and that he would “protect” her one-third interest, but all this must have reference to the proceeds of the sale .as is clearly indicated in the last portion of the alleged agreement in which he promised to “pay” her one-third of whatever should be realized from the sale.
Such an agreement is not void by the statute as an express trust in real estate. While an express trust land can not-be established by parol, a parol agreement to hold the proceeds of a sale of the land, in trust for another, is valid, if based upon a sufficient consideration. Such an arrangement may constitute a trust in the proceeds of thp sale, that is, in the money realized from the sale, but not an express trust in the land. Mohn v. Mohn, 112 Ind. 285; Worley v. Sipe, 111 Ind. 238; Thomas, Admr., v. Merry, 113 Ind. 83. It isnot necessary to cite authorities to the proposition that the conveyance of appellee’s inchoate interest is a sufficient consideration for the agreement relied upon . in the complaint. See, however, Worley v. Sipe, supra.
Appellant’s counsel contend that the cases above cited do not support the position that a trust may be established and enforced in the proceeds of a sale of land unless it be on the condition that the grantee, subsequently to the sale of the land, agree to hold such proceeds in trust for the grantor or person designated by him. In this construction of the decisions referred to, *8 we think counsel have misapprehended the ruling of the court. We understand the rule to be that even though the original agreement establish a trust in land, which is not enforcible under the statute, yet, if after the sale the grantee agrees to hold the proceeds in 'trust for the person designated, equity will enforce such a trust notwithstanding the statute, the original agreement being a sufficient consideration therefbr. But we do not understand that if the original agreement itself relates to the proceeds, there must be another promise after the sale is made. The general rule in such cases is applied that a trust in personal property, of the character of the one in the present case, may be enforced, if founded on a sufficient consideration. Here there was no agreement, at any time, that Durham should hold a part of the land itself in trust for the appellee.
The latter, as we have found, parted with her title as fully as if she had made an absolute conveyance of the property. The only agreement tending to create a trust related to the proceeds arising out of a sale of the land, and not to the land itself, and we can see no good reason why such an agreement-, made in the first instance, and before the conveyance, should not be as capable of being enforced as one made after the sale of the land, which was itself the subject of a trust.
Counsel for appellant insist that to establish a resulting trust in such a cáse as this the transaction must be tainted with fraud, or some fraudulent act must be shown to have been committed by the grantee. We do not think this was necessary. It is sufficient to bring the facts within the rule if the transaction would result in a fraud, upon the grantor, for the statutes of frauds and trusts can not be used as instruments to work a fraud. Marcilliat v. Marcilliat, 125 Ind. 474; Catalani v. Catalani, 124 Ind. 54; Stuart v. Brown, 135 Ind. 232.
*9 It is further contended by appellant’s counsel that if there was any liability at all it was for a portion of the purchase-money, and that for this the estate of Jesse Durham alone could be held, and a claim for the same against the estate of his wife can not be enforced.
The appellant’s decedent, in the case before us, can not be placed in the position of an innocent purchaser of the lands without notice. She took the real estate as a devisee of Jesse Durham, to say nothing of the averment that she had full notice and knowledge of the trust. She could acquire no greater right in the proceeds of the sale than her husband would have acquired. Whenever she sold the land and collected the proceeds the latter were charged or impressed with the trust in the hands of Isabel Durham!
■ The rule in such cases is explicitly and correctly stated by a standard author: ‘ ‘Wherever property, real or personal, which is already impressed with * a trust of any kind, express or by operation of law, is conveyed or transferred by the trustee, not in the.course of executing and carrying into effect the terms of express trust, or devolves from a trustee to a third person, who is a mere volunteer, or who is a purchaser with actual or constructive notice of the trust, then the rule is universal that such heir, devisee, successor, or voluntary transferee, or such purchaser with notice, acquires and holds the property subject to the same trust which before existed, and becomes himself a trustee for the original beneficiary. Equity impresses the trust upon the property in the hands of the transferee or purchaser, .and compels him to perform the trust if it be active, and to hold-the property subject to the trust, and renders him liable to all the remedies which may be proper for enforcing the rights of the beneficiary. It is not necessary that such transferee or purchaser should be guilty of positive *10 fraud or actually intend a violation of the trust obligation; it is sufficient that he acquires property upon which a trust is in fact impressed, and that he is not a bona fide purchaser for a valuable consideration and without notice.” 2 Pomeroy’s Eq. Jur. (2d ed.), section 1048.
Nor do we think the complaint discloses that the action is barred by the statute of limitations. The facts averred show that the appellee retained an interest in the proceeds of the land for which she conveyed her inchoate interest, and whenever such proceeds were realized by the sale of the land, Jesse Durham, or his devisee, became obligated to account for the trust. The trust was a continuing or executory one, and the statute did not begin to run, even after the sale, until there was a disavowal of the trust or the refusal to perform upon proper demand. Parks v. Satterthwaite, Admr., 132 Ind. 411.
It is alleged in the complaint that the appellant’s decedent sold the land on the first day of August, 1888, receiving therefor the entire proceeds of $8,000, and that she held the same up to the time of her death. The complaint was filed March 31,1892, which was less than four years after the sale.
We think the complaint states a cause of action, and the demurrer was properly overruled.
What we have already said disposes of the alleged errors of sustaining demurrers to the paragraphs of answer setting up the various statutes of limitations. As we have seen, the agreement declared upon was more than a mere promise to pay the purchase money, but was the establishment of a trust in the proceeds of the sale of one-third of the land. This trust being an executory one, the statute of limitations has not barred a recovery.
The plea of res adjudícala, to which a demurrer was *11 sustained, was clearly insufficient. The gist of it is that the appellee was duly served with process in the foreclosure proceedings, but failed to appear, and that judgment was rendered against her by default. This, however was one of the very things she contracted to do, according to the averments of the complaint, and it was partly this agreement not to appear which constituted the consideration of the trust. It is doubtless true, as a general rule, that where the wife of a mortgagor of real estate, in which she has an inchoate interest, is brought into court by summons in a foreclosure proceeding and fails to set up any claim or interest she is concluded by the decree. But this rule can have no application to the facts in the present case. We apprehend that no court would debar a litigant’, who, by special agreement, suffered default and judgment to be taken against him in consideration of some benefit enuring to him, from showing that fact.
The answer under consideration is not any different from the averments of the complaint in reference to the facts touching the decree of foreclosure, and, if the complaint is good, as we have decided it to be, the answer is necessarily bad.
The overruling of the motion for a new trial is assigned as error. It is urged that the evidence is insufficient to support the finding. We have examined the evidence, and, while it is not as satisfactory as we could wish it to be, we think it tends to sustain the finding in all essential points.
It is further insisted, in connection with the ruling upon the motion for a new trial, that the court erred in admitting testimony in proof of the parol agreement relied upon. Our ruling upon the sufficiency of the complaint fully disposes of this question, and we need not further consider it.
*12 The court, of its own motion, called the appellee to the stand to testify as a witness. The appellant urges that this was an abuse of its discretion, under section 510, R. S. 1894 (section 502, R. S. 1881), which provides that the court may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion shall be reviewable on appeal.
Under former statutes, the action of the court in exercising the discretion of allowing a party to testify in such cases, was not subject to review by the appellate tribunal. Perrill, Admr., v. Nichols, 89 Ind. 446.
But the present statute expressly provides that the exercise of the discretion is reviewable, and it therefore becomes the duty of the court, on appeal, to examine into the circumstances under which the discretion was exercised. Every case whére the discretion has been exercised must necessarily be determined upon its own merits, and no general rule which would be applicable in all cases can be laid down. Willitts, Admr., v. Schuyler, 3 Ind. App. 118; Forgerson v. Smith, Admr., 104 Ind. 246.
In the case before us, two competent witnesses, daughters of the appellee, had testified before the court called the appellee to the stand. These witnesses had, as the court determined, made out a $rima facie case for the appellee. Under these circumstances we do not think it was an abuse of the discretion vested in the court to permit the appellee, who would otherwise have been incompetent under sections 506, 507, R. S. 1894 (R. S. 1881, sections 498, 499), to give her version of the transaction.
Other questions of minor importance are presented, but we think we have covered the entire ground upon which the several alleged errors are based, and it will *13 not subserve any good purpose to prolong this opinion by noticing such questions in detail.
Filed Oct. 18, 1894.
While we must freely admit that there are features about this claim that do not impress it with that high character of merit that might be desired, we must adhere to the rule of indulging every presumption in favor of the correctness of the judgment until it be overcome by an affirmative showing of some prejudicial error.
The judgment is affirmed.