## McDonald and Another *v.* McDonald and Others.

PARTIES.—WITNESSES.—The exception to the law allowing parties to testify in their own behalf, which excludes such testimony "in all suits where an executor, or administrator, or guardian is a party," &c., (2 G. & H. 168, note,) does not apply to an action against the heirs of a decedent to recover real estate or declare a trust, though one of the defendants is an infant, and answers by guardian *ad litem.*

RESULTING TRUST.—When an estate is purchased in the name of one, with money belonging to and paid by another, a trust results in favor of the party to whom the money belonged, and this trust, thus implied by law, cannot be defeated by the fact that it was orally declared and acknowledged by the parties.

SAME.—The statute of trusts and powers, (1 G. & H. sec. 6, 8, p. 651,) expressly admits a trust where a conveyance of land is made to one, the consideration being paid by another, if by agreement, without any fraudulent intent, the party to whom the conveyance was made was to hold the land in trust.

APPEAL from the *Jefferson* Circuit Court.

FRAZER, J.—Partition. The plaintiffs and defendants were the heirs at law of *Patrick McDonald,* deceased. The defendants, who are appellants here, claimed each one-third of the land by answer, in the nature of a counter-claim, in which they admit that the legal title was in *Patrick* at the time of his death, but aver that they, *Edward* and *Michael,* were the equitable owners of the undivided two-third part thereof, because they and the said *Patrick McDonald* purchased said lands in partnership, paid for the same with their joint moneys, had occupied them in common, and improved them for their joint benefit, and had cultivated them continuously for their joint support, and as partners, from the date of purchase to the time of the death of *Patrick,* &c.; and that the deed for the several pieces of land described, were made to *Patrick* to be held, and which he did hold, by agreement, in trust for said partnership concern.

Reply: 1st, general denial; 2d, twenty years adverse possession. Verdict and judgment for plaintiffs.

A cross error assigned may as well first be considered. It is, that the defendants were permitted to testify as witnesses

in their own behalf. The solution of the question depends upon the act of 1861. 2 G. & H. 168, note. By that act, the parties to an action are made competent witnesses for themselves, except in certain cases; and among the exceptions are named "all suits where an executor, administrator or guardian is a party," and judgment may be rendered for or against the estate represented by the executor, administrator or guardian. The case at bar can not be brought within the exceptions of the statute by any kind of construction of which the language is susceptible. This is not a case to which an administrator, executor or guardian is a party. There was an infant defendant to the complaint, for whom the court appointed a guardian *ad litem*, but that did not make the guardian *ad litem* a party to the suit. The most that can be said is that there was exactly the same reason for making the exception broad enough to cover cases like this, that there was to make it as it is. That the argument would have controlling influence, if the language of the act left any room for construction; but as there is none, it can be efficient only when addressed to the legislature. We adhere to the decision made upon this point in *Dahoney* v. *Hall*, 20 Ind. 264.

The evidence strongly supported the allegations of the answer. It tended to show an agreement between the three brothers, made in Europe, and afterward renewed in this country, to labor on joint account, for the purpose of creating a common fund, to be invested in lands for the benefit of all, and that this agreement was faithfully executed, each by his earnings contributing to the fund, and that the lands so purchased were jointly occupied and used; but this contract was not in writing, and the title deeds were all taken in the name of the deceased, by agreement as alleged.

The question raised by instructions given to the jury, and others asked and refused, and which we must decide, is whether, under such circumstances, there would be a resulting trust in favor of the appellants.

That an estate purchased in the name of one, with money belonging to and paid by another, is subject to a resulting trust in favor of the party to whom the money belonged, is a familiar doctrine of equity. The trust is implied, and need not therefore be proven by written evidence, the case being expressly excepted from the operation of the statute of frauds. But in the case before us there is an additional element; it was, orally, expressly agreed that the lands should be purchased and held for joint use and benefit. Does this change the case so as to render parol evidence insufficient to establish the trust? This question has, we believe, never been expressly decided by this court in a case where the point was necessarily involved; but it has nevertheless attracted the attention of the judges, and received some consideration at their hands. In *Irwin* v. *Ivers*, 7 Ind. 308, Judge DAVISON, in delivering the opinion, seemed to favor the proposition that though the circumstances attending the purchase would of themselves raise a trust by implication, yet that if the same trust had also been verbally and specifically declared, then the trust must fail, because it would be within the statute. But in *Miller* v. *Blackburn*, 14 Ind. 62, Judge HANNA withheld his assent from this doctrine, and Judge WORDEN, in the same case, expressed himself not satisfied with it, as applicable to cases where the trust proved by parol is the same as that resulting by implication. The elementary writers declare the rule in the broad and general terms which received the assent of Judge DAVISON, above referred to; but we have not been able to discover any adjudicated case which justifies it; nor does it seem to us to rest upon any solid reason. When a particular trust is clearly shown by parol to have been intended, there is manifest justice in excluding thereby the implication of another, altogether different, in all cases not tainted with fraud; but it would be impossible to assign any satisfactory reason for a determination that a trust which equity, in aid of justice and fair dealing, implies from the circumstance that the *cestui que trust* paid

the purchase money, shall be defeated by the mere fact that the trustee was honest enough to declare orally the obligation which rested on his conscience, and too honest to deny or conceal it. Upon principle, it would be a paradox to say that the frank admission and promulgation of the existence of a fact shall prevent that very fact from having its rightful consequences, and, indeed, prevent it from being shown by other means; or that it shall bar the implication of its existence which would otherwise result; the express declaration of the truth orally, becoming a means to deprive the other party of the rights which are otherwise due to him, because the law implies the very truth thus asserted! We think that no court has ever deliberately sanctioned such a doctrine, and we are not disposed to set the example.

But it seems to us that our statute concerning trusts and powers conclusively settles a part of the case before us. It somewhat changes the general doctrine previously held, but makes a rule which is applicable to all the lands which were purchased after the act came in force. It provides generally that where a conveyance is made to one, the consideration being paid by another, no trust shall result in favor of the latter, if the conveyance was so taken with his consent, except in certain cases; and one of the cases so excepted is where by agreement, without any fraudulent intent, the party to whom the conveyance was made was to hold the land in trust. 1 G. & H. §§ 6, 8, p. 651. It appears by the evidence that several of the tracts of land were conveyed to *Patrick* after this statute took effect, and there is nothing to taint the transaction with a fraudulent intent.

We have not considered a question much discussed in the briefs, whether there was such a partnership between the three brothers as would subject the estate in these lands to commercial conditions, like personal property, and whether such partnership contract is within the statute, for the reason that it has seemed to us unnecessary for the purposes of the present case. It is enough that the lands

were purchased with a common fund, owned in part by the appellants, and that in consequence a trust in their favor results.

It is argued, however, that the evidence did not disclose exactly what aliquot part of the purchase money of the lands belonged to the appellants respectively, and consequently that there could have been no verdict for them at any rate. We cannot say that. There was evidence upon the subject which would have justified the jury in finding some part of the money to have been paid by them, and possibly that each paid one-third. We are not called upon to say what the jury ought to have found upon that subject. That there was evidence upon it which would have supported a finding for the appellants in this court, and that it was excluded from their consideration by the charge of the court that "the defendants have failed to sustain their answer," constitutes error which must reverse the case.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*Harrington & Korbly* and *J. Sullivan*, for appellants.

*C. E. Walker* and *A. D. Mathews*, for appellees.