*Derry et al. v. Derry.*

———•◆•———

No. 7985.

DERRY ET AL. *v.* DERRY.

MARRIAGE.—*Valuable Consideration.—Contract.—Married Woman.*—Marriage is a valuable consideration, and a married woman is regarded as a purchaser for a valuable consideration of all property which accrues to her by virtue of the marriage or any valid antenuptial agreement.

TRUSTS.—*Lands Bought by Wife.—Husband as Trustee.—Purchaser for Valuable Consideration Without Notice.*—Where a wife bought land and paid for it with money of her own separate estate, and, either by agreement at the time, or without her knowledge or consent, it was conveyed to her husband, and held by him, and she made lasting and valuable improvements on it, and paid for them with her separate money, the husband held the land as trustee for her; but such trust could not defeat the title of a purchaser for a valuable consideration and without notice of the trust.

SAME.—*Second Wife.—Title by Descent.*—Where, in such case, the husband survives the wife, and marries again, holding such trust land, his second wife, on his death intestate, takes by descent, and not by purchase, and is bound by such trust, whether she had notice of it or not.

SAME.—*Widow.—Descent.*—Under our statutes, where a wife takes an interest in the lands of her deceased husband by descent, she is not within section 2 of the statute, 1 R. S. 1876, p. 915, which declares that no trust concerning lands shall defeat the title of a purchaser for a valuable consideration, without notice of the trust.

Derry *et al. v.* Derry.

SAME.—*Second Wife.—Survivorship.—Child of Marriage.* — Survivorship and a child of the marriage are required to entitle a second wife to a fee simple in the lands of her husband.

PARTITION.—*Answer.—Demurrer.*—In an action by a second wife for partition of land of her deceased husband, answers by the children and grandchildren of the deceased and his first wife, that she bought and paid for the land, and that her husband held it in trust for her, are sufficient on demurrer.

SAME.—*Widow's Rights.*—The law in force at the death of the husband is the measure of the widow's rights.

From the Hancock Circuit Court.

*J. L. Mason* and *J. H. Mellett*, for appellants.
*W. R. Hough* and *G. Barnett*, for appellee.

BICKNELL, C.—This was a suit by the appellee for partition. The complaint avers that Jeremiah Derry died intestate, seized of the land in controversy, leaving, him surviving, his widow, the appellee, their child Emma J. Derry, several children by a former marriage, and several grandchildren. These children by the former marriage and these grandchildren are the appellants.

The complaint states that the appellee, as such widow, is the owner in fee of one undivided third part of said land, and that the other two thirds are owned in fee by the appellants in certain specified shares.

The appellants filed an answer in three paragraphs, of which the first, being the general denial, was subsequently withdrawn.

The second paragraph states that the appellants are the children and grandchildren of said Jeremiah Derry and his wife, Malinda Derry, deceased; that she, in her lifetime, requested her husband to buy for her the land in controversy, and gave him money of her own separate estate to pay for it; that he bought the land and paid said money for it, but, without her knowledge or consent, had the deed for it made to himself.

The third paragraph of the answer states that the appel-

lants are the children and grandchildren of Malinda Derry, who died in 1867, and that in 1853 she bought the land in controversy, and paid for it with money of her own separate estate, and that, by agreement made at the time of the purchase between her and her husband, the said Jeremiah Derry, in good faith and without any fraudulent intent, said land was conveyed to said Jeremiah, and was to be held by him in trust for said Malinda; that said land was so held in trust by said Jeremiah, and that said Malinda in her lifetime made lasting and valuable improvements on said land, and paid for them with her own separate money.

The appellee demurred to each of these paragraphs, for want of sufficient facts, etc.; the demurrers were sustained by the court. The appellants declined to answer further, and the result was a judgment in partition, awarding one-third of the land to the appellee in fee simple. From this judgment the appeal was taken. Several errors are assigned, but we are required to consider those only which are alluded to and discussed in the appellants' brief, namely:

First. The court erred in sustaining the demurrer to the second paragraph of the answer;

· Second. The court erred in sustaining the demurrer to the third paragraph of the answer.

The facts stated in the second paragraph of the answer, and the facts stated in the complaint and not denied in said paragraph, are these: The appellants are the children and grandchildren of Jeremiah Derry and his wife, Malinda Derry. The latter died in 1867. In her lifetime, at her request, her said husband bought for her the land in controversy, and paid for it with money of her separate estate; but, without her consent or knowledge, he had the deed for the land made to himself. Jeremiah Derry died seized of the land; the appellee was his widow, and had been his second wife; they had one child, Emma J. Derry, who survived her father, and was one of the defendants in the court below.

Upon these facts Jeremiah Derry held the land as trustee for Malinda Derry. 1 R. S. 1876, chap. 276, p. 915, secs. 6, 8; *Tracy* v. *Kelley*, 52 Ind. 535. But such trust could not defeat the title of a purchaser for a valuable consideration and without notice of the trust. 1 R. S. 1876, chap. 276, p. 915, sec. 2; *Hampson* v. *Fall*, 64 Ind. 382; *Catherwood* v. *Watson*, 65 Ind. 576.

The appellee claims that she was a purchaser for a valuable consideration, and that the second paragraph of the answer is bad, because it does not aver that she had notice of the trust.

Marriage is a valuable consideration, and a married woman is regarded as a purchaser for a valuable consideration of all property which accrues to her by virtue of the marriage, or by virtue of any valid antenuptial agreement. *Magniac* v. *Thompson*, 7 Pet. 348; 4 Kent Com. 463, and cases there cited. But the appellee in this case acquired by the marriage no complete right of property in the land in controversy; to entitle her to a fee simple in the land in controversy required survivorship by her and a child of the marriage. 1 R. S. 1876, chap. 98, p. 408, secs. 17, 24. The law in force at the death of the husband is the measure of the widow's rights. *Bowen* v. *Preston*, 48 Ind. 367.

The appellee in this case, her husband having died seized of the land, if she takes any interest in it, takes it under section 17 above cited, and she takes by descent and not by purchase. Upon this point the language of WORDEN, J., giving the opinion of the court in *May* v. *Fletcher*, 40 Ind. 575, is as follows: "Sections seventeen, twenty-three, and twenty-five of the statute of descents, * * are explicit that the land, as therein provided for, 'shall descend to her.' They provide for the disposition of lands only of which the ancestor shall die seized, * * and which must go by descent to some heirs, in the absence of any testamentary disposition. The Legislature have the power to make a surviving wife, as well

as a child, an heir." It was said by BUSKIRK, J., giving the opinion of the court in *Bowen* v. *Preston*, 48 Ind. 367 : "The widow takes as the heir of her husband, when the husband dies seized of the lands. The widow takes by virtue of her marital rights, under sec. 27, when the husband was seized in fee during the marriage, and died disseized, and she did not join in the conveyance." It has been said that "A widow is an heir of her deceased husband only in a special and limited sense." *Unfried* v. *Heberer*, 63 Ind. 67. But, if she is heir in any sense under section 17, she does not take by purchase. It follows that the second paragraph of the answer was a good defence under sections 6 and 8 of chapter 276, 1 R. S. 1876, p. 915, and that the provision in section 2 of the same chapter, upon which the counsel for the appellee rely, does not embrace the case of a widow who claims one-third in fee, under sections 17 and 24 of the statute of descents above cited. It follows, also, that the third paragraph of the answer contained a sufficient defence to the complaint, under the last clause of section 8 of chapter 276, 1 R. S. 1876, p. 916, which in connection with section 6 of the same chapter provides that when land is bought and paid for by one person and the deed is made to another, and it is made to appear that, by agreement and without any fraudulent intent, the latter was to hold the land in trust for the former, then such trust shall be recognized and enforced. *McDonald* v. *McDonald*, 24 Ind. 68 ; *Glidewell* v. *Spaugh*, 26 Ind. 319 ; *McCollister* v. *Willey*, 52 Ind. 382. The provision in section 2 of chapter 276, 1 R. S. 1876, p. 915, is not applicable to this third defence, because, as already stated, the appellee was not a purchaser for a valuable consideration, but was claiming by descent, and not by purchase, under sections 17 and 24 of the statute of descents above cited.

The court below erred in sustaining the demurrer to the second and third paragraphs of the answer. Its judgment ought to be reversed, and the cause remanded, with instruc-

-tions to the court below to overrule the demurrers to the second and third paragraphs of the answer, and for further proceedings.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, at the costs of the appellants, and this cause is remanded with instructions to the court below to overrule the demurrers to the second and third paragraphs of the answer, and for further proceedings.

## ON PETITION FOR A REHEARING.

· BICKNELL, C.—Under the statutes of Indiana, the interest of a wife in the lands of her deceased husband is in some cases held by purchase, and in other cases by descent.

Where she takes by descent, she is not within the statute, which declares that no trust shall defeat the title of a purchaser for a valuable consideration, without notice. In the present case the second wife could take by descent only ; she was, therefore, bound by the trust in favor of the first wife, whether she had notice of it or not. The question is between the second wife and the representatives of a first wife. "In equal equities the law must prevail." The petition for a rehearing ought to be overruled.

PER CURIAM.—Petition overruled.