Filed Dec. 20, 1883.

No. 10,361. ·

ROBERTSON v. HUFFMAN ET AL.

JUDGMENT.—Assignor and Assignee.—Pleading.—Fraudulent Conveyance.— Trust and Trustee.—Resulting Trust.—Agreement.—The plaintiff assigned promissory notes held by him, and to secure payment mortgaged his own lands to the assignee, who obtained a personal judgment against the makers, and a foreclosure of the mortgage, and a satisfaction of the debt by sale of the lands mortgaged, and then assigned the judgment to the plaintiff, who sued the makers and the wife of one of them, alleging these facts and a conveyance by one maker to the wife of the other of certain land to defraud creditors.

Held, that the complaint was good against such defendants.

Held, also, that an answer by such grantor in bar of the whole complaint, which merely met the averments concerning the fraudulent conveyance, was bad on demurrer.

Held, also, that answers by the wife, 1. That she originally bought and paid for the land wholly with her own means, and by agreement, without fraudulent intent, the deed was taken to her grantor to hold for her benefit; 2. The same, except that the conveyance was made to her grantor

without her knowledge or consent, and the land held by him in trust until the conveyance to her,—were both good on demurrer, by virtue of R. S. 1881, sections 2974, 2976.

*Held,* also, that upon proof of the personal judgment, and its payment as alleged, the plaintiff was entitled to a personal judgment against the makers.

SAME.—*Collateral Attack.—Promissory Note.*—A judgment upon a note, rendered before it is due, upon due service of process and default, is not void, and can not be questioned collaterally.

PRACTICE.—*Pleading.— Waiver.*—By voluntarily replying to a pleading, while a demurrer is pending thereto, the demurrer is waived.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris,* for appellant.

*H. Heffren, J. A. Zaring, D. M. Alspaugh* and *J. C. Lawler,* for appellees.

HAMMOND, J.—The appellant was the plaintiff and the appellees the defendants in the court below.

The case made by the appellant's complaint was this: On August 31st, 1867, the appellees William H. and John Huffman executed to the appellant two notes, each in the sum of $523, both with interest; the first due on December 25th, 1874, and the other on December 25th, 1875. The appellant, on August 24th, 1868, assigned, by endorsement, these notes, and other notes held by him against said John Huffman, to one Lewis Casper, and to secure the payment of all these notes executed to Casper a mortgage on real estate. Casper died in 1869. His administrators, by suit against the appellant and the appellees William H. and John Huffman, obtained, on November 4th, 1875, in the Washington Circuit Court, a personal judgment on the notes against said appellees William H. and John Huffman, and a foreclosure of the mortgage against the appellant. The appellant's land was sold under that foreclosure. Casper's administrators then assigned the judgment to the appellant. On October 23d, 1875, prior to the rendition of said judgment, the appellee William H. Huffman conveyed forty acres of land in Washington county to the appellee Mary A. Huffman, wife of said John

Robertson *v.* Huffman *et al.*

Huffman. Proper averments are made showing that this conveyance was fraudulent as to creditors. Prayer for judgment for $1,500, that said conveyance be set aside, and the real estate made subject to the payment of the debt, etc.

The appellee Mary A. Huffman demurred to the complaint, for want of facts sufficient to constitute a cause of action against her. This was overruled, and she excepted. She answered in three paragraphs, the first being a general denial. The court overruled the appellant's demurrer to the second and third paragraphs of her answer, to which he excepted.

The appellee William H. Huffman answered in three paragraphs. The first was the general denial. The appellant demurred to the second and third paragraphs. The demurrer was overruled to the second, and the appellant excepted. There was no ruling on the demurrer to the third paragraph.

The appellee John Huffman answered by the general denial. The appellant replied in denial of the special answers of Mary A. and William H.

Trial by the court, with a general finding as follows: "The court, being sufficiently advised upon the complaint and the judgment sued on by plaintiff, finds for defendants on account of plaintiff's complaint and the invalidity of the judgment sued on. And the court finds for the plaintiff on the issues formed upon the cross complaint and answer of Mary A. Huffman."

The appellant and appellee Mary A. separately moved for a new trial. Each motion was overruled, and each of these parties excepted. Judgment was rendered in accordance with the finding.

The appellant assigns the following as errors:

1. That the court erred in overruling his demurrer to the second paragraph of answer of William H. Huffman.

2 and 3. That the court erred in overruling his demurrer to the second and third paragraphs of answer of Mary A. Huffman.

4. That the court erred in not ruling on his demurrer to the third paragraph of answer of William H. Huffman.

5. That the court erred in overruling his motion for a new trial.

The second paragraph of the answer of William H. Huffman, purporting to answer all the complaint, alleged that the land which he conveyed to Mary A. Huffman was purchased with her means, and was conveyed to and held by him as trustee for her, and that the conveyance to her was executed in accordance with the agreement made concerning the trust, when the land was conveyed to him for her use and benefit. This answer was probably good as to the allegation of fraud in the complaint against said William H., but it did not answer that part of the complaint in reference to the judgment, the payment of which by the sale of the appellant's land was the foundation of his action, in which, under the facts stated in his complaint, he was entitled to recover a personal judgment against the appellees John and William H.

The answer was bad for not answering, as it claimed, the whole complaint. The demurrer to it should have been sustained.

The second paragraph of Mary A. Huffman's answer was, substantially, that the land in controversy was purchased from one Nathan Arnold, and that she paid, of her own separate funds, the purchase-money thereof to said Arnold, and by mutual agreement, and without any fraudulent intent, the deed was made by Arnold to said William H., as her trustee, the latter to hold the land for her use and benefit, and that he so held the land as her trustee up to the time he conveyed the same to her.

We think this paragraph of answer was good. Under sections 2974 and 2976, R. S. 1881, a resulting trust arises "When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another," if "it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was

made, or in whom the title shall vest, was to hold the land *
* * in trust for the party paying the purchase-money or
some part thereof." *McDonald* v. *McDonald*, 24 Ind. 68;
*Milliken* v. *Ham*, 36 Ind. 166; *McCollister* v. *Willey*, 52 Ind.
382; *Derry* v. *Derry*, 74 Ind. 560; *Cox* v. *Arnsmann*, 76
Ind. 210.

The third paragraph of Mary A.'s answer was to the effect
that she paid the purchase-money to Arnold for the land, but
that the conveyance, without her knowledge or consent, was
made to William H., who paid no part of the purchase-money,
but held the land simply as trustee for her up to the time of
his conveyance to her.

This paragraph of answer was good under the sections of
the statute above cited.

The court did not err in overruling the appellant's de-
murrer to the second and third paragraphs of Mary A.'s an-
swers.

By replying to the third paragraph of the answer of Wil-
liam H., without requiring a decision upon his demurrer
pending thereto, the appellant waived said demurrer. 1 Works
Practice, section 539.

We think the appellant's motion for a new trial should
have been sustained. The record of the judgment sued upon
was put in evidence, showing that the appellees John and
William H. were duly served with process and defaulted. At
the time the judgment was rendered, November 4th, 1875,
one of the notes on which the personal judgment was rendered
lacked from that time until the 25th of the following month
of being due. For this reason, we infer from the finding and
from the briefs of the parties, the court held the judgment
invalid. It is probable that the error was such as would
have reversed that judgment on appeal to the Supreme Court.
*Skelton* v. *Ward*, 51 Ind. 46. But the judgment was not void.
*Gall* v. *Fryberger*, 75 Ind. 98; *DeHaven* v. *Covalt*, 83 Ind.
344. Such a judgment can not be attacked collaterally, and

· we think its payment by the appellant, as stated in his complaint, gave him a good cause of action.

The appellee Mary A. Huffman has assigned, as cross errors, the overruling of her demurrer to the complaint, and the overruling of her motion for a new trial.

No objection is pointed out to the complaint, and we think it was sufficient as to her, as well as to the other appellees.

As already seen, the judgment will have to be reversed, and a new trial will necessarily result as much in favor of the appellee Mary A. as the appellant.

Judgment reversed, at the costs of the appellees William H. and John Huffman, with instructions to the court below to sustain the motion for a new trial, to sustain the appellant's demurrer to the second paragraph of answer of William H. Huffman, and for further proceedings in accordance with this opinion.

Filed Dec. 21, 1883.