Filed January 14, 1893.

---

No. 16,108.

## PROW ET AL. *v.* PROW.

TRUST AND TRUSTEE.—*Pleading.—Cross-Complaint Setting up Trust.—Sufficiency of.—Statutory Provision.*—In an action concerning real estate, the cross-complaint set up, in substance, the following state of facts: A. purchased of B. certain real estate, and by agreement between A. and C., A. furnished all of the purchase money, and the title to said real estate was taken in the name of C., for the use and benefit of A., all of which transaction was done without any fraudulent intent, and with the understanding between A. and C. that C. should hold said land in trust for A., and that C. did so hold it. To which cross-complaint a demurrer was addressed and sustained.

*Held*, that the facts set up in the cross-complaint were sufficient to constitute a trust within the provision of section 2976, R. S., 1881, and that the demurrer to the cross-complaint should have been overruled.

From the Washington Circuit Court.

*J. A. Zaring* and *M. B. Hottell*, for appellants.

*F. W. Wesner*, *J. H. Masterson* and *A. Elliott*, for appellee.

McCabe, J.—This was an action brought by the appellee against the appellants to recover possession of real estate. The answer was a general denial. Appellants filed a cross-complaint against the appellee and other parties, asking that they be brought into court. Without taking any action as to the new parties, the trial court sustained a demurrer to the cross-complaint, for insufficiency of facts. There was a trial and judgment for appellee, over a motion for a new trial for cause.

The only error assigned that appellants have not waived under the decisions of this court, by failing to discuss the same, is the alleged error in sustaining the demurrer to the cross-complaint.

It is alleged in said cross-complaint "that one James W. Prow departed this life on the 4th day of March, 1880, seized of the real estate described in plaintiffs' complaint; that said deceased left a widow, Elizabeth L. Prow, and plaintiff and these defendants, and one M. D. L. Prow, as his children; that, since the death of said deceased, his widow has departed this life, and one of his said children, the said M. D. L. Prow, has died and left a widow, Victoria Prow, and two children, Lafayette and John Prow; that before his death and before the execution of plaintiff's deed to the real estate described in plaintiff's complaint, * * the said James W. Prow contracted for the purchase of said real estate with plaintiff, the said Fred. L. Prow's grantor, and purchased the same of said grantor, and procured said grantor to execute the deed to

said plaintiff, Fred. L. Prow, with the understanding and agreement that the said real estate was to be held by the plaintiff, Fred. L. Prow, in trust for said James W. Prow; that said Fred. L. Prow, the plaintiff herein, at the time of the purchase of said real estate, and at the time of the making of the deed to the same from his grantor, was in the army, and said plaintiff, Fred. L. Prow, paid nothing for said real estate; that the entire purchase price for the same was paid by said James W. Prow; that it was agreed by and between the said James W. Prow and the plaintiff, Fred. L. Prow, that said conveyance should be made to said Fred. L. Prow, plaintiff, and that said plaintiff should hold said real estate in trust for the said James W. Prow, who paid the purchase money for said real estate; that said agreement was without any fraudulent intent, and the said plaintiff, Fred. L. Prow, took and accepted and held said deed for said real estate, with a full knowledge and understanding that he was to hold the same for said James W. Prow, and for his use and benefit, and agreed to so hold it, and has all the time held said real estate in trust for James W. Prow, and for his use and benefit; that said agreement *· * was made without any fraudulent intent; that said James W. Prow is now dead, and left as his heirs the said parties above named; that the said plaintiff, Fred. L. Prow, and the defendants, and the said Lafayette and John Prow, are the owners in fee and tenants in common of said real estate, the plaintiff being owner of in fee and entitled to an undivided one-fifth of said real estate, and the defendants and the said John and Lafayette Prow being the owners of and entitled to an undivided four-fifteenths of said real estate; the said William J., Martha R., and Mary L. Prow each being the owner in fee and entitled to the possession of an undivided one-fifth of said real estate; that said M. D. L. Prow died before his father, namely, March 5, 1872, and his two children, the said Lafayette and John

Prow are each entitled to a one-tenth of said real estate, namely—(then follows a description of the same real estate mentioned in the complaint). The plaintiff is claiming title to all of said real estate, and the same is a cloud on defendants' title herein; that said real estate can not be partitioned or divided without injury to the interests of said owners of the same; that said John Prow and Lafayette Prow are necessary parties to the full and final settlement and determination of said cause, and defendants ask that they may be made parties herein, and the title of said defendants' interests in and to said real estate, as above set out, be quieted; that a commissioner be appointed to sell said real estate, and said parties' interest be set off to them in severalty, or that the proceeds from the sale of said real estate be divided between said parties in proportion to their interest, as above set out, and all proper relief consistent with the facts above stated."

This pleading is not very skillfully drawn, but we think it substantially states facts sufficient to constitute a cause of action by way of cross-complaint. We remark that there is an uncertainty in it as to the interests of the parties. In one place it states that the defendants and John and Lafayette Prow are each entitled to four-fifteenths, and in another place that plaintiff and defendants are each entitled to one-fifth, and Lafayette and John Prow are each entitled to one-tenth; but uncertainty is not ground for a demurrer.

Appellee's counsel insist that the trust sought to be established in the real estate in controversy by this cross-complaint is prohibited by our statute concerning trusts and powers. Section 2969, R. S. 1881. Trusts, however, "arising by implication of law" are excepted from the operation of this section of the statute. Such a trust arises where "one pays the purchase money of an estate, and takes the title deed in the name of another." 1 Perry on Trusts, section 124. The subsequent sections of that

statute create some important exceptions to this general rule, namely, that where "a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." Those provisions are that, in such a case, a trust shall result in favor of creditors, and in cases "where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee, in violation of some trust, shall have purchased the land with money not his own; or where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the consideration or some part thereof." Sections 2974, 2975 and 2976, R. S. 1881.

The facts alleged in the cross-complaint bring the case directly within the last provision above quoted. While it is true that since the enactment of this statute, the establishment of trusts in lands by implication has been circumscribed, yet the one sought here to be established is expressly authorized by the statute. Such has been the ruling of this court in many cases. *Robertson* v. *Huffman,* 92 Ind. 247; *Boyer* v. *Libey,* 88 Ind. 235; *McDonald* v. *McDonald,* 24 Ind. 68. See, also, *Hughes* v. *White,* 117 Ind. 470; *Hill* v. *Pollard,* 32 N. E. Rep. 564.

We are referred by counsel for the appellees to the cases of *Mescall* v. *Tully,* 91 Ind. 96; *Green* v. *Groves,* 109 Ind. 519; *Wright, Guardian,* v. *Moody,* 116 Ind. 175; *Pearson* v. *Pearson,* 125 Ind. 341, and *Rooker* v. *Rooker, Guardian,* 75 Ind. 571, as sustaining the ruling of the court below.

All of these cases, except the last, were cases where it

was sought to establish a trust in lands by parol, in opposition to the express prohibition of the section of the statute first referred to, where no facts existed to bring the cases within the exception, or upon which a trust might arise by implication of law. They are, therefore, not in point. The last case above cited is not in point for several reasons. One is the attempt there made to establish a trust not in favor of the person supplying the purchase money, but in favor of a third person, who paid nothing; and another reason is that it was not shown that the deed was taken in the name of the alienee, without the consent of the person furnishing the consideration, no agreement being shown. Another reason why that case is not in point, is because it was not shown that the purchaser of the land in that case, against whose vendee it was sought to establish the trust, had any notice of the trust, and, without such a notice, he can not be affected by the trust. Section 2970, R. S. 1881.

We think the Circuit Court ought to have overruled the demurrer to the cross-complaint, which caused the new parties to be brought into court, and required an answer from all against whom the cross-complaint was directed.

The judgment is reversed, and cause remanded with instructions to overrule the demurrer, and for further proceedings in accordance with this opinion.

Filed January 11, 1893.