BARBER ET AL. *v.* BARBER ET AL.

[No. 17,811.   Filed Oct. 2, 1896.   Rehearing denied Dec. 4, 1896.]

APPEAL.—*Bill of Exceptions.— Record.—* A bill of exceptions containing the evidence signed by the judge and properly entered in the order book in term time as one of the entries in the cause, is a part of the record.

RESULTING TRUST.—*Conveyance to a Person Not Paying Consideration.—Statutes Construed.—*Under the last clause of section 3398, Burns' R. S. 1894 (2976, R. S. 1881), construed with section 3396, Burns' R. S. 1894 (2974, R. S. 1881), when a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust results in favor of the latter, unless it shall be made to appear that by agreement, without any fraudulent intent, the person to whom the conveyance was made was to hold the land in trust for the one paying the purchase-money.

From the Hamilton Circuit Court. *Reversed.*

*Christian & Christian* and *T. J. Bishop*, for appellants.

. *Roberts & Vestal* and *Shirts & Kilbourne*, for appellees.

MONKS, C. J.—This is an appeal from an interlocutory order appointing a receiver upon application of appellees, who were the plaintiffs in the court below.

The errors assigned call in question the action of the court in appointing a receiver.

It is urged by appellees that the bill of exceptions, containing the evidence given at the hearing of the application for the appointment of a receiver, is not in the record, and cannot be considered in determining the question presented. The order appointing a receiver was made December 3, 1895, in term time, and on December 6th, in open court, during the same term of court, appellants filed their bill of exceptions, containing the evidence signed by the judge, and a proper term-time order-book entry of such fact was made. This entry, being made in term time, became one of the entries in the cause, and the bill of exceptions was a part of said entry, and was also a paper in the cause, and therefore a part of the record under the provisions of section 641, Burns' R. S. 1894 (629, R. S. 1881).

As the evidence was not taken by a shorthand reporter, there was no longhand manuscript of the evidence, but the clerk has copied said entry and the bill of exceptions containing the evidence as a part of it into the transcript, as required by section 662, Burns' R. S. 1894 (650, R. S. 1881). The certificate of the clerk that "the transcript contains a full, true and complete copy of all the papers and entries in the

. cause," is therefore sufficient, and the evidence is properly in the record.

In *Richwine* v. *Jones*, 140 Ind. 289, and *Morrison* v. *Morrison*, 144 Ind. 379, cited by appellees, the transcript contained no order-book, or other entry showing that the bill of exceptions had been filed; those cases are, therefore, not in point here.

Appellees say in their brief that "the complaint is founded upon the last clause of section 3398, Burns' R. S. 1894 (2976, R. S. 1881)." Under this clause, construed in connection with section 3396, Burns' R. S. 1894 (2974, R. S. 1881), when a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust results in favor of the latter, unless it shall be made to appear that by agreement, without any fraudulent intent, the person to whom the conveyance was made was to hold the land in trust for the one paying the purchase-money.

To entitle appellees to the appointment of a receiver upon their theory of the case, it was necessary to prove, not only the agreement on the part of appellant, Elvira Barber, to hold in trust for her husband, John M. Barber, under whom appellees claim title, but also that the conveyance was taken in her name without any fraudulent intent. Section 3398 (2976), *supra;* *Marcilliat* v. *Marcilliat*, 125 Ind. 472; *Parmlee* v. *Sloan*, 37 Ind. 469; *Glidewell* v. *Spaugh*, 26 Ind. 319.

There is no allegation in the verified complaint, which was read in evidence, that the conveyance was taken in the name of appellant, Elvira Barber, without any fraudulent intent; this, however, would not be fatal if such essential fact was established by the other evidence. *Sullivan Electric Light, etc., Co.* v. *Blue*, 142 Ind. 407. But there was no evidence given upon

this subject. Appellees, therefore, failed to establish any title upon their own theory of the case.

It follows that the evidence did not entitle appellees to the appointment of a receiver.

Under this view we need not, and do not decide whether a wife can, since the taking effect of section 6960, Burns' R. S. 1894 (5115, R. S. 1881), make a valid agreement with her husband to hold property in trust for him under the provisions of section 3398 (2976).

The interlocutory order appointing a receiver is reversed.