## DRESSEL *v.* LOBSTEIN ET AL.

[No. 6,640.   Filed March 18, 1910.]

TRUSTS.—*Conveyances.*—*Consideration.*—Where certain persons appointed another to purchase certain lands, the deed to be taken in his name, the purchase money being furnished by them, a trust arises in their favor (§4019 Burns 1908, §2976 R. S. 1881), and they may require the sale of such land and a distribution of the proceeds.

From Starke Circuit Court; *John C. Nye,* Judge.

Suit by John G. Lobstein and others against Andrew H. Dressel and others.   From a decree for plaintiffs, said Dressel appeals.   *Affirmed.*

*H. R. Robbins,* for appellant.
*C. C. Kelley* and *W. A. Foster,* for appellees.

WATSON, J.—This is a suit to declare a trust.   The complaint is in one paragraph, and alleges, in substance, that on February 13, 1899, appellees owned the land described in the complaint; that said land was sold by the treasurer of Starke county, Indiana, at a delinquent tax sale, to William B. Austin for $105.82; that afterwards appellees each contributed $31.70, and gave that amount to Andrew Dressel for the purchase of the tax certificate, and to have it transferred to his son, Andrew H. Dressel, for them; that Andrew Dressel gave the money so raised by appellees to his son, Andrew H. Dressel, with instructions to purchase the certificate, surrender it, and take a tax deed in his own name; that afterwards, on June 16, 1904, Philip J. Wetzel instituted proceedings to foreclose a mortgage on said real estate, making Andrew H. Dressel a party thereto, who set up his claim by way of cross-complaint to foreclose the tax lien represented by the tax deed so obtained by him, and recovered judgment for $369.29 and a lien upon said land to secure said amount, to which appellees were not made parties.   In October 1904, he caused to be issued an order of

sale on said decree. Said real estate was thereupon sold by the sheriff of Starke county on November 15, 1904. Andrew H. Dressel bid therefor the amount of his lien and costs, to wit, $427.67, and afterwards received a sheriff's deed to said real estate. In addition to the contributions made by appellees, and prior to said foreclosure proceedings and sale, the personal property belonging to these appellees, to the amount of $315, was sold and the money turned over to Andrew H. Dressel, with the agreement and understanding that it was to be used for the purpose of enabling him to pay the taxes and charges on said land and free it from said tax lien before named; that the money which Andrew H. Dressel paid for the sheriff's deed belonged to appellees, and was turned over to Dressel for the purposes as aforesaid; and that in all the transactions he acted solely as the trustee of said appellees. The interest of each party plaintiff and defendant is then set out. The prayer is that the property be declared as held in trust by said Dressel for said appellees, and that it be sold and the proceeds divided among appellees according to the interest of each as therein set out. A demurrer was overruled, exceptions were taken, and answer was filed in two paragraphs, (1) a general denial, and (2) setting up former adjudication and stating defendant's source of title. The court submitted certain facts to a jury, found the facts specially, and announced its conclusions of law thereon.

The assignments relied on for reversal are: (1) The overruling of appellant's demurrer to the complaint; (2) the complaint of appellees does not state facts sufficient to constitute a cause of action; (3) the court erred in the first conclusion of law; (4) the court erred in the second conclusion of law; (5) the court erred in overruling appellant's motion for a new trial.

The special findings disclose that John G. Lobstein, Sr., John Lobstein, Charles J. Hanke, Arthur D. Rehm, and the defendants, Andrew Dressel, Philip J. Wetzel, together with

Charles Rapp and Andrew Rehm, prior to and on February 13, 1889, were members of the Lake Grove Club, and at said time said club was the owner in fee simple of real estate in Starke county, Indiana (describing it) ; that on said day the taxes on said real estate became delinquent and the real estate was sold by the treasurer of said county to William B. Austin for $105.82; that on February 10, 1901, said plaintiffs and defendants other than Andrew H. Dressel, met in the city of Chicago, and mutually agreed that each of said parties should bear his proportionate share of the expenses of redeeming the real estate from said tax sale, and each should, and did, contribute $31.70 for such redemption; that they turned the money over to Andrew Dressel, who was to act as agent for himself and the other parties to procure the assignment of said tax certificate from said Austin, and that he should have it assigned to his son, Andrew H. Dressel, appellant herein, who was not a member of said club; that said Andrew H. Dressel was to hold it in trust for the parties who so contributed for said redemption; that thereafter William B. Austin assigned said tax certificate to Andrew H. Dressel, in pursuance of said agreement; that by said agreement Andrew H. Dressel received $315 from the sale of certain personalty belonging to said club; that on March 19, 1901, Andrew H. Dressel surrendered said tax certificate to said land, which had been so assigned to him, and took a tax deed for said real estate; that on June 16, 1904, Philip J. Wetzel instituted foreclosure proceedings against said club, making Andrew H. Dressel a party; that in said suit Andrew H. Dressel, without the knowledge of plaintiffs or defendants, set up his apparent interest as shown by the record, by this assigned tax certificate and tax deed by way of cross-complaint, and in said suit sought to foreclose his apparent tax lien as represented by said tax deed; that he obtained judgment for the sum of $369.29, and a decree declaring that his lien was prior to and superior to the mortgage interest of

Philip J. Wetzel; that on October 8, 1904, said Andrew H. Dressel caused an order of sale to be issued on said decree, and caused said land to be offered by the sheriff of said Starke county, Indiana, for sale, which was sold on November 5, 1904, and said Andrew H. Dressel bid for said real estate the amount of said lien and costs, to wit, $427.67, and received a sheriff's deed therefor; that said Andrew H. Dressel has no interest in said real estate whatsoever, but holds it in trust for the use and benefit of said plaintiffs and his codefendants.

The court stated the law to·be as follows: That the deed to said real estate is now held in trust by Andrew H. Dressel for the use and benefit of plaintiffs and defendants other than Andrew H. Dressel; that the land should be sold and the proceeds divided among the parties to this suit, other than Andrew H. Dressel, in proportion to their interests in the real estate herein found to exist.

Section 4012 Burns 1908, §2969 R. S. 1881, provides that "no trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same." Section 4019 Burns 1908, §2976 R. S. 1881, provides that a trust arises in favor of a party or parties "where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein, in trust for the party paying the purchase money or some part thereof."

The complaint alleged that the real estate was purchased in the name of Andrew H. Dressel, with the money belonging to appellees, under and by virtue of an agreement theretofore entered into by said appellees and said Andrew H. Dressel. Section 4019, *supra,* provides for just such a trust as is herein alleged to exist. Under the statute and the authorities the complaint was sufficient to withstand a demurrer. *McDonald* v. *McDonald* (1865), 24 Ind. 68; *Hampson*

v. *Fall* (1878), 64 Ind. 382; *Hughes* v. *White* (1889), 117 Ind. 470; *Prow* v. *Prow* (1893), 133 Ind. 340; *Barber* v. *Barber* (1896), 146 Ind. 390.

The evidence is not in the record. We assume that it sustains the findings of the court. Under the averments of the complaint, and upon the findings of the court, appellant's claim is not based upon a legal reason, nor founded upon an equitable principle. Good conscience and common honesty forbid the establishment of appellant's claim. Upon the findings made the court did not err in its conclusions of law stated thereon, nor is the decision of the court contrary to law. We find no error for which this judgment should be reversed.

Judgment affirmed.