## REECE v. LEITCH.

[No. 6,855.   Filed October 5, 1910.]

1. QUIETING TITLE.—*Trusts.*—*Taking Property in Another's Name.*
   —*Fraud.*—*Complaint.*—*Appeal.*—A complaint to quiet title, alleg-
   ing that the plaintiff paid for a tract of land, and upon an agree-
   ment to transfer upon demand, the deed was made to defendant,
   but that defendant, upon demand, refused so to transfer, is not re-
   versibly bad for failure to allege a want of fraudulent intent,
   where such fact was established by the evidence.   p. 343.
2. PLEADING.—*Complaint.*—*Amendment on Day of Trial.*—It does
   not constitute reversible error for the court to permit the plain-
   tiff, on the day of trial, to amend her complaint, where no prej-
   udice to defendant's rights resulted.   p. 344.
3. TRUSTS.— *Fraud.— Deeds.— Payment of Consideration by An-
   other.—Contracts.*—Where a sister paid the purchase price of land
   and took the deed in the name of her brother-in-law, upon an oral
   agreement to convey to her upon demand, a trust exists in her
   favor, and her rights cannot be defeated on the ground that the
   deed was so taken to avoid any trouble or notoriety because of a
   threatened action against her brother by an alleged common-law
   wife.   p. 344.

From Starke Circuit Court; *John C. Nye*, Judge.

Suit by Dollie F. Leitch against John I. Reece.   From a
decree for plaintiff, defendant appeals.   *Affirmed.*

*Adrian L. Courtright, W. C. Pentecost, Henry A. Steis*
and *B. D. Magruder*, for appellants.

*Charles H. Peters, Robert D. Peters, Glenn D. Peters* and
*John H. Huey*, for appellee.

WATSON, P. J.—This is a suit brought by appellee to quiet title to certain described real estate. Her complaint is in two paragraphs, and alleges that she is the owner of said real estate; that appellant claims an interest adverse to her rights; that he bought the real estate for her, acting as her agent, and paying her money therefor; that he took the title to said real estate in his own name, with her knowledge and consent, and with the oral agreement to convey said real estate to her on demand; that on December 14, 1907, she demanded of appellant an accounting and a deed for said real estate, which were refused.

Appellant filed demurrers to the first and second paragraphs of complaint and to the amended second paragraph of the complaint, which were overruled. Appellant answered in general denial. A decree was entered in favor of appellee, declaring her to be the owner of the real estate described in the complaint. A motion for a new trial was overruled.

The errors assigned are (1) the complaint does not state facts sufficient to constitute a cause of action; (2) the overruling of the demurrer to plaintiff's first and second paragraphs of complaint, and each of them; (3) the overruling of the demurrer to the amended second paragraph of complaint; (4) the permitting of plaintiff to amend her complaint on the day of the trial; (5) the overruling of defendant's motion for a new trial; (6) error in the conclusions of law on the evidence.

It is first urged that this cause should be reversed, for the reason that the trial court should have sustained the demurrer to the complaint. It is true that the complaint does not aver that this property was conveyed to defendant, John I. Reece, without any "fraudulent intent," and we are cited to *Barber* v. *Barber* (1896), 146 Ind. 390. In that case, however, the court uses this language: "There is no allegation in the verified complaint, which was read in evidence, that the conveyance was taken

in the name of appellant, Elvira Barber, without any fraud-
ulent intent; this, however, would not be fatal if such essen-
tial fact was established by the other evidence." Citing
*Sullivan Electric, etc., Co.* v. *Blue* (1895), 142 Ind. 407.

But in this case there are facts proved which clearly show
that there was no fraudulent intent in having this property
conveyed to John I. Reece. The sole reason for this convey-
ance was that a Mrs. McGuken claimed, through her attor-
ney, to be the common-law wife of Walter Leitch, ward of
Maria Leitch, and, to avoid notoriety and a controversy in
court with this woman, the sister of Walter Leitch, who in-
tended to and did purchase the property, asked her brother-
in-law to take it in his name for her. In the light of the
authorities cited, we do not deem the error complained of
sufficient to reverse this cause.

It is insisted that the court erred in permitting plaintiff,
on the day of the trial, to amend her complaint by inserting
in the second paragraph the words "with the verbal
2. agreement to convey said real estate to this plaintiff
on demand." This, however, did not work any preju-
dice against the substantial rights of appellant. Therefore,
no reversible error was committed.

It is next urged that the court erred in overruling the
motion for a new trial, and under this, that the decision of
the court was contrary to law and not sustained by
3. sufficient evidence. The evidence discloses that the
guardian and appellee are sisters; that the ward is
a brother of both; that John I. Reece married their sister,
who is still living; that all were living in Chicago, Illinois,
and the day before the sale was to take place at Knox, In-
diana, the two sisters, John I. Reece and William Schaefer,
their attorney, went to Knox, and on the evening before
the sale it was agreed that Reece should bid in all the prop-
erty for appellee, and all should be put in her name except
the property in controversy, which was to be placed in the
name of John I. Reece, for the reason before set out; that

the guardian owed appellee, on account of indebtedness of her ward, the sum of $1,087.55; that the day before the sale there was an agreement by which this was to be applied as part of the purchase money, if appellee bought the property, and that for the remainder Maria Leitch was to loan appellee the money; that prior to making and executing the deed to appellee for the other tracts of land so bought by her and the deed executed to appellant, there was a settlement and adjustment of the claim and also a loan of $5,135.75 made by Maria Leitch to appellee and paid to said guardian, this being the full amount of the purchase money for all the real estate so purchased, including the real estate in controversy; that John I. Reece never paid for the real estate in controversy, nor executed any note; that appellee paid for recording the deed, paid the mortgage, or rather had it transferred to her, and that no consideration whatever moved from John I. Reece for this property, but he had only the bare title, without any consideration.

It is further shown that the guardian reported to the Starke Circuit Court these several sales, which were approved, and deeds ordered, and she afterwards reported to the Cook County Probate Court, of Cook county, Illinois, which court approved her accounts with reference to the sale of this real estate, and charged her with the amount of the purchase money as such guardian.

Under these circumstances there can be no doubt that an implied trust followed. Section 4012 Burns 1908, §2969 R. S. 1881, provides: ''No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same.'' Section 4019 Burns 1908, §2976 R. S. 1881, provides that a trust arises in favor of a party or parties, ''where it shall be made to appear that, by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party pay-

ing the purchase money or some part thereof.'' *Holliday* v. *Perry* (1906), 38 Ind. App. 588; *Hill* v. *Pollard* (1891), 132 Ind. 588; *Myers* v. *Jackson* (1893), 135 Ind. 136; *Dressel* v. *Lobstein* (1910), 45 Ind. App. 595; *Border* v. *Conklin* (1888), 77 Cal. 330, 19 Pac. 513.

In the case of *Marcilliat* v. *Marcilliat* (1890), 125 Ind. 472, it is said: ''When the whole transaction, including the agreement, amounts to substantially nothing more than the creation and verbal acknowledgment of what in equity constitutes a resulting trust, or a trust created by implication of law, it is not within the statute of frauds, and the agreement may be proved by oral evidence. Especially is this so when to exclude the evidence and permit the grantee to appropriate the estate would result in the perpetration of a fraud. *McDonald* v. *McDonald* [1865], 24 Ind. 68; *Cox* v. *Arnsmann* [1881], 76 Ind. 210. In such a case the trust results from the payment of the purchase money, or by implication or construction of law upon the whole transaction, rather than from the parol agreement, which is to be regarded as in the nature of an acknowledgment of the trust.'' *Fitzpatrick* v. *Papa* (1883), 89 Ind. 17; *Boyer* v. *Libey* (1882), 88 Ind. 235; *Goldsberry* v. *Gentry* (1883), 92 Ind. 193.

In the case of *Prow* v. *Prow* (1893), 133 Ind. 340, it is said that a trust is created '' 'where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the consideration or some part thereof.' * * * While it is true that since the enactment of this statute, the establishment of trusts in lands by implication has been circumscribed, yet the one sought here to be established is expressly authorized by the statute. Such has been the ruling of this court in many cases.'' *Hughes* v. *White* (1889), 117 Ind. 470; *Robertson* v. *Huffman* (1883), 92 Ind. 247; *Boyer* v. *Libey* (1882), 88 Ind.

235; *McDonald* v. *McDonald* (1865), 24 Ind. 68; *Hill* v. *Pollard* (1892), 132 Ind. 588.

In this case, appellee paid the purchase price for the real estate—the subject of this controversy—and had it conveyed to appellant without any fraudulent intent whatever, but for the sole purpose that appellee might be relieved from the embarrassment of any litigation with the woman claiming to be the common-law wife of Walter Leitch. It follows, from all the facts surrounding this transaction, that appellant held this real estate in trust for appellee. To hold otherwise would do violence to all rules of equity, and permit appellant to perpetrate a fraud upon appellee, thus gaining a title to real estate for which he did not pay with his own money.

No error intervening for which this cause should be reversed, the decree is affirmed.