CARPENTER *v.* CARPENTER

[No. 16,138.    Filed June 19, 1940.]

*James L. Miller* and *Russell J. Wildman,* both of Peru, for appellant.

*Bailey & Bailey* and *Walter J. Bixler,* all of Peru, for appellee.

STEVENSON, J.—The appellee, Carl E. Carpenter, on December 8, 1936, brought this action against the appellant seeking to have a trust declared in certain real estate, the same being a residence property in the City of Peru, Indiana.

The complaint alleged that on the 28th day of February, 1925, the appellee and the appellant, his brother, were desirous of purchasing a property as a home for their mother, Sarah A. Carpenter, and in order to accomplish this purpose, the parties hereto agreed that they would purchase the real estate in question at and for the agreed price of $3,800.00. One-half of the said purchase price was furnished by the appellee, Carl E. Carpenter, in cash, and $800.00 in cash was furnished by the appellant and the lien of a $1,100.00 mortgage then existing on the premises was assumed by the purchasers. Title to the real estate so purchased was taken

in the name of the mother, Sarah A. Carpenter, to be held in trust by her for the appellant and the appellee, she to have said real estate as and for her home without charge as long as she should live. The complaint further alleges that pursuant to said agreement, said Sarah A. Carpenter took title to said real estate under the promise and agreement to hold the same in trust for said appellee and appellant. The complaint further alleges that on the 6th day of June, 1939, the said Sarah A. Carpenter, in derogation of said trust and with the intent to cheat and defraud the appellee, conveyed said real estate to the appellant. The complaint accordingly prayed that a trust might be declared in favor of the appellee as to an undivided one-half thereof and that a commissioner should be appointed to reconvey said real estate to the appellee, reserving a life estate therein for the said Sarah A. Carpenter.

To this complaint an answer in six paragraphs was filed, the first paragraph being a general denial. A reply in general denial to the affirmative paragraphs of answer closed the issues. The cause was tried by the court, the trial resulting in a decision and judgment for appellee. In due course appellant filed a motion for a new trial, asserting as causes therefor that the decision of the court is not sustained by sufficient evidence, and that such decision is contrary to law. This motion was overruled, appellant excepted, and perfected this appeal, assigning as error the action of the court in overruling said motion.

Under this assignment of error the appellant contends that the decision of the court is not sustained by sufficient evidence. The sufficiency of the evidence is challenged as to the establishment of either an express trust or an implied or resulting trust. The appellee contends that the evidence is sufficient to establish a

resulting trust and it is our opinion that this is the theory upon which the complaint was drawn.

Resulting trusts are controlled to some extent by statute in this state and generally speaking, no trust results when a conveyance for a valuable consideration is made to one person and the consideration therefor is paid by another. § 56-606, Burns' 1933. A resulting trust may arise, however, "where it shall be made to appear that, by agreement, and without any fraudulent intent, the parties to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." § 56-608, Burns' 1933.

The question therefore presented is whether there is any evidence in the record which meets the requirements of the section of the statute last quoted.

Adopting the evidence most favorable to the decision of the court, it appears that the appellee in 1922 purchased a farm in Michigan, where he lived with his mother for a time until the mother became dissatisfied and in the spring of 1925 they sold the farm and personal property in Michigan for $2,800.00, and returned to Peru, Indiana. Here the appellee and the appellant, his brother, entered into an agreement to buy the real estate in question at and for the agreed purchase price of $3,800.00. The appellant, appellee, and their mother entered into an oral agreement to the effect that the title to the property should be placed in the name of the mother who agreed that she would protect the appellee as to his one-half interest therein in return for the appellee's payment of $1,900.00 cash or one-half the purchase price thereof. It was further agreed that the appellant should pay and he did pay $800.00 cash and assumed the payment of a $1,100.00 mortgage then

on the property. This arrangement was perfected and the deed of conveyance was made to the appellee's mother. Possession was taken of the property but in 1932 the loan company which was carrying the $1,100.00 mortgage was demanding payment of the principal and interest on their mortgage which were then delinquent. The appellant at that time was in Arizona and the mother deeded the property to the appellee in return for the appellee's promise to make settlement with the loan company. The appellant returned from Arizona and demanded a settlement with the appellee for his interest in the property which the appellee refused. The mother then instituted a suit against the appellee to obtain a reconveyance of the property and a reconveyance was ordered by the court and the title to the real estate involved was ordered "restored to the plaintiff, Sarah A. Carpenter."

On June 6, 1935, the mother deeded the property to the appellant, whereupon, the appellee brought this action against the appellant to set aside this conveyance and asked that a trust be declared in his favor as to an undivided one-half interest in said real estate, reserving to the mother a life estate therein.

Resulting trusts have been frequently considered by both the Supreme Court of Indiana and this court. In the case of *Prow* v. *Prow* (1892), 133 Ind. 340, 32 N. E. 1121, it is said that a trust is created " 'where it shall be made to appear that, by agreement and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the consideration or some part thereof.' . . . While it is true that since the enactment of this statute, the establishment of trusts

in lands by implication has been circumscribed, yet the one sought here to be established is expressly authorized by the statute." *Reece* v. *Leitch* (1910), 46 Ind. App. 342, 92 N. E. 553; *Marcilliat* v. *Marcilliat* (1890), 125 Ind. 472, 25 N. E. 597.

In view of this rule the appellee may establish a trust in an undivided one-half of this real estate by establishing the fact that he paid one-half of the purchase price therefor under an agreement with his mother that conveyance was to be made to her in reliance upon her promise to hold the title to said real estate in order to protect the appellee's interest therein, no element of fraud being present.

The appellee's evidence as above detailed tends to establish these facts and the trial court having evidently relied thereon and having entered a judgment establishing a trust, it is difficult for this court to say that the evidence is insufficient. A similar question was before the Supreme Court in the case of *Radcliff* v. *Radford* (1884), 96 Ind. 482, 486, where the court said:

"Did the evidence prove a trust as alleged in the complaint? Upon the demurrer to the evidence, if the existence of the trust could be reasonably inferred from the evidence, it was the duty of the court to overrule the demurrer. If a jury, upon any reasonable construction of the evidence, might have found against the defendant, the court may do so. The court, in such cases, may do all that a jury might reasonably have done."

While it is true that the evidence upon which the appellee relies to establish this trust is contradicted by both the appellant and the mother, Sarah A. Carpenter, yet there is evidence in the record sufficient to support the finding and judgment of the court on all the material issues. The rule is that:

"Where there is conflicting evidence, the Supreme and Appellate Courts of Indiana, even in equity cases, will not determine the credibility of witnesses, nor will they weigh or determine the probative force of the conflicting evidence to determine where the preponderance lies. They will determine whether there is sufficient evidence to support or sustain a finding and will not disturb it if there is substantial evidence which fairly tends to establish all the material issues and to sustain the finding." *Smith* v. *Hill* (1929), 200 Ind. 616, 620, 165 N. E. 911; *Town of St. John* v. *Gerlach* (1926), 197 Ind. 289, 150 N. E. 771.

It is our opinion that this evidence is sufficient to establish in the appellee a resulting trust. As was said by our court in the case of *Rickes* v. *Rickes* (1924), 81 Ind. App. 533, 541, 141 N. E. 486:

"In this connection, it should be borne in mind, that this is not an agreement between strangers, but between mother and son, with mutual affection and confidence, and of evident limited experience in business affairs. The agreement is neither unnatural nor unreasonable, and, being in the nature of a family arrangement, belongs to that class which courts of equity consider with favor."

The appellant further contends that the appellee was not entitled to maintain this action for the reason that the doctrine of res adjudicata controls. The appellant contends that in the action brought by Sarah A. Carpenter against the appellee to set aside the conveyance of the real estate in question made to him (appellee) by the said Sarah A. Carpenter in 1932, in which case the title to the real estate involved was ordered "restored to the plaintiff, Sarah A. Carpenter," all of appellee's rights in and to said real estate were adjudicated. We cannot agree with this contention. In that case Sarah A. Carpenter alleged that the appellee obtained the deed from her by fraud

and duress and asked that said deed be declared void and that the title to the property should be restored to its original status and that the title should be vested in her as it originally stood. To her complaint the appellee filed only a general denial and it was upon the issues thus formed that the judgment was entered restoring the title in Sarah A. Carpenter. The interest of the appellee in and to the property as cestui que trust was not in issue. The only issue presented to the court was whether or not the conveyance to the appellee had been procured by fraud or duress. "The rule that every question which might have been decided or litigated in a cause will be presumed to have been decided, means that every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated." *Jordan* v. *Sisson* (1924), 82 Ind. App. 128, 131, 141 N. E. 881.

The same rule is announced in the case of *Trook* v. *Crouch* (1924), 82 Ind. App. 309, 317, 137 N. E. 773, to the effect that "the doctrine of res adjudicata only applies to such matters as are within the issues, and upon which judgment was or might have been pronounced."

It is our opinion therefore, that the appellee's right to recovery was not precluded under the doctrine of res adjudicata. Finding no reversible error, it is our opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Bridwell, C. J., dissents.

NOTE.—Reported in 27 N. E. (2d) 889.