## SUPREME COURT.

### MALLORY agt. LAMPHEAR.

Where, in an action upon a due bill payable immediately, the defendant, in his answer, admitted the making of the note, but set up as new matter, " that the note or due bill was *not made* within six years next before the commencement of the action." *Held*, that this was an immaterial issue. The *time* when the note was made being wholly immaterial.

The time when the note was *delivered*, and took effect as an obligation, should be alleged and established in order to constitute a statutory bar.

Where the answer admits such a cause of action, and seeks to avoid it by new matter which is insufficient, the plaintiff is entitled to judgment upon the merits; as in case of a judgment *non obstante veredicto*.

*Steuben Circuit, November*, 1853. The action was upon a due bill made to the plaintiff or bearer, dated June 6, 1846, payable immediately, for $67,32.

The answer admitted the note, but set up as new matter in defence, that, " the note or due bill was not made within six years next before the commencement of the action." The cause was tried by the court without the jury. The suit was commenced in July or August, 1853. No proof was offered on either side except the production of the note and the computation of interest.

GEO. T. SPENCER, *for Plaintiff*.
C. H. BERRY, *for Defendant*.

JOHNSON, Justice.—The answer tenders no issue upon the time of the defendant's promise and undertaking, or the accruing of the plaintiff's cause of action, and none is formed by the pleadings.

The due bill or note took effect from the time of its delivery, and the cause of action then accrued. The time when it was made is wholly immaterial, and if the fact is to be regarded as in issue, the issue is immaterial. Swift agt. Vaughn, (6 *Hill*, 488.) It is obvious enough that the action was not commenced until after the expiration of six years, from the date of the

note.    But that is of no avail to the defendant, as it does not determine when it was delivered so as to take effect as an obligation for the payment of the amount.    Parties who seek to avail themselves of the statutory bar must be careful to plead. the necessary facts to raise it.    It is not a defence peculiarly favored by courts.    As the answer admits the cause of action, and seeks to avoid it by alleging new matter which is insufficient, the plaintiff is entitled to judgment upon the merits, notwithstanding the issue thus tendered, may be established in the defendant's favor, by the plaintiff's proof; as in the case of a judgment *non obstante veredicto*.    (1 *Chit. Pl.* 695.)

Judgment ordered for plaintiff.