## McCollister *v.* Willey.

ASSIGNMENT OF ERROR.—*Sufficiency of Complaint.*—If any paragraph of a complaint containing several paragraphs be sufficient, a judgment for which such paragraph forms a proper foundation will not be reversed by the Supreme Court on an assignment of error that the several paragraphs of the complaint, specifying them by their numbers, do not either of them state facts sufficient to constitute a cause of action.

PLEADING.—*Statute of Limitations.*—*Answer.*—An answer which, instead of alleging that the cause of action did not accrue within the prescribed period 'before the commencement of the action, alleges that the defendant did not, at any time within the prescribed period before the commencement of the action, undertake, promise or agree, etc., is bad as an answer of the statute of limitations.

BILL OF EXCEPTIONS.—*Setting Aside Order for New Trial.*—The Supreme Court will not review the action of a court in setting aside an order granting a new trial, in the absence of a bill of exceptions showing the grounds of such ruling.

SAME.—*Overruling Motion for New Trial.*—The action of a court in overruling a motion for a new trial, a bill of exceptions reserving the questions presented in such motion being on file at the time of such ruling, may be presented to the Supreme Court without a bill of exceptions showing the grounds of such ruling.

RESULTING TRUST.—Where a person caused certain land to be conveyed to another, the consideration moving from the former, upon an agreement

that the latter should sell and convey the land and with the proceeds pay certain debts of the former, and account to him for the residue; *Held*, that the trust was valid, as a resulting trust, without any declaration or acknowledgment thereof in writing.

*Held*, also, that, the trustee having sold and conveyed the land to a third person, and having received the purchase-money, and having paid a portion thereof in discharge of said debts and a part of the residue to the *cestui que trust*, the remaining part, which he refused to pay, might be recovered in an action against him by the *cestui que trust*.

From the Montgomery Circuit Court.

*J. McCabe*, for appellant.

*E. N. Smith* and *Kennedy & Brush*, for appellee.

DOWNEY, J.—Suit by the appellee against the appellant. The complaint is in three paragraphs. The first paragraph is for money had and received. The second alleges that, prior to the year 1865, the plaintiff purchased certain real estate, described in the complaint, near Thorntown, in Boone county, Indiana, and paid for the same with his own money; that subsequently he caused the legal title to said land to be conveyed to the defendant, Jesse B. McCollister, without any consideration, to hold in trust for the use and benefit of the plaintiff, and to convey the same to whomsoever might purchase the same from the plaintiff; that subsequently said land was sold to one Zachariah Morris, Sr., for the sum of three thousand dollars, and a deed made to the same by Jesse B. McCollister and his wife, Ruth McCollister, the former of whom received the consideration thereof, the said three thousand dollars, for the use and benefit of this plaintiff as his trustee; that plaintiff has requested and demanded said money so received for said land of said Jesse B. McCollister, but that said McCollister refuses to pay the same to him, with the exception of one thousand dollars; wherefore he sues and demands judgment for three thousand dollars.

And for a third and further cause of action against the said defendant, said plaintiff says that, in the year 1865, he entered into a written contract with the defendant, as follows, to wit:

The plaintiff was to cause the following lands to be conveyed to said defendant, to wit:   A part of the west half of the southwest quarter of section thirty-five, in township twenty north, of range two west, beginning at the southwest corner of said tract above described, running thence north fifty-two rods, thence west thirty-one rods, thence south fifty-two rods, thence east to the place of beginning, containing ten acres, which said land said defendant, by the terms of said contract, was to hold in trust for the use and benefit of this plaintiff, and sell for him whenever he could find a purchaser therefor, at plaintiff's price, to wit, three thousand dollars; that out of the proceeds of such sale defendant was to pay all the costs of such sale and transfer, including a reasonable compensation for his services in selling said land for the plaintiff, and that this was the only written contract ever made between the plaintiff and defendant concerning said land; that subsequently said defendant, pursuant to said written contract, sold and conveyed said tract of land to one Zachariah Morris, Sr., for the sum of three thousand dollars, which the said defendant has converted to his own use, and refuses to pay the same to plaintiff.   And plaintiff further says that said defendant, by false and fraudulent representations, obtained from the plaintiff the possession of said written contract, and destroyed or concealed, and yet conceals, from the plaintiff; wherefore plaintiff cannot file a copy of the same with this complaint; and plaintiff demands judgment against defendant for three thousand dollars.

The defendant answered in four paragraphs.   The first was to the first paragraph of the complaint, and avers that the defendant did not, at any time within six years next before the commencement of this action, undertake, promise, or agree to pay to the plaintiff the said sum of money, for which he prays judgment in his said complaint, or any part thereof.

The second paragraph is confined to the second paragraph of the complaint, and admits that the tract of land described

McCollister *v*. Willey.

was purchased and paid for by the plaintiff, as he has alleged, but alleges that, subsequent to its conveyance to defendant, he sold the same to Zachariah Morris for the sum of three thousand dollars, and received the same; but he denies expressly that said land was conveyed to him without consideration, or in trust for said plaintiff, but avers the fact to be, that at the May term, 1865, of the Boone Common Pleas Court, defendant recovered judgment against plaintiff for a large sum of money, to wit, for about four thousand dollars, upon which said judgment he caused an execution to be issued; that at the time of the recovery of said judgment, the legal title to the land, as defendant was informed and believes, was in Elizabeth Willey, wife of plaintiff, together with other valuable real estate, to wit, a lot and brick business house thereon, situated in the town of Thorntown, Boone county, Indiana, all of which he was informed and believes said plaintiff caused to be conveyed to his said wife for the purpose of defrauding his creditors; that although at the date of said judgment the legal title of all of said property was in said Elizabeth, the indebtedness of said plaintiff upon which judgment was recovered had accrued long prior to the conveyance of said property to his said wife, and said plaintiff was the equitable owner of all the property above mentioned, and the same was liable to be made subject to the payment of said defendant's said judgment, and defendant was about enforcing the same; that a proposition was then made to this defendant on behalf of said wife of plaintiff, Elizabeth, as he understood, that if this defendant would pay certain liabilities then owing by them, separately and together to Hamilton & Galvin and David E. Caldwell, and enter satisfaction of said judgment, she would convey said tract of land, or cause the same to be done, to defendant; that defendant accepted said proposition, and made the payment as agreed upon to the said Hamilton & Galvin and said Caldwell, and receipted said judgment in full, thereby releasing the remainder of said real

estate in the name of said Elizabeth Willey from all liability upon said judgment; that a deed was executed, in pursuance of said arrangement, by the said Elizabeth and her then husband, John R. Willey, to one David E. Caldwell, for the said tract of land, and by him conveyed to defendant; and defendant denies each and every allegation in said second paragraph of complaint not specifically admitted in this answer.

The third paragraph of the answer was to the third paragraph of the complaint, and was a limited denial; and the fourth paragraph, to the whole complaint, was a general denial.

The reply was in two paragraphs: 1. A general denial. 2. As to the second paragraph of answer, that on the 25th day of January, 1872, the plaintiff instituted a suit against the defendant, on the identical cause of action set up in his complaint in this case, which was within six years of the time said cause of action accrued, and within six years of the time the defendant received the money mentioned in the complaint for the use and benefit of plaintiff; and plaintiff says that said suit, so instituted by him, was transferred on change of venue to Fountain county, where the same was dismissed without any negligence or want of proper diligence on the part of the plaintiff, and that this suit was commenced within four years of the time said suit was so dismissed.

On the 30th of September, 1873, there was a trial by jury, and a verdict for the plaintiff, on which there was final judgment. On the 4th of October, 1873, there was a motion made by the defendant for a new trial, and the defendant filed a bill of exceptions, setting out the evidence. At the next term, on the 21st day of November, 1873, the motion for a new trial was sustained. On the 23d day of November, 1873, the plaintiff moved the court in writing to set aside the order granting a new trial, for the reason, as alleged, that the court, in granting the same, "wholly mistook the evidence and the law." This motion was afterwards sus-

McCollister *v.* Willey.

tained, but just when does not appear. The defendant excepted. The court, at the same time, overruled the defendant's motion for a new trial. Defendant excepted, but then filed no bill of exceptions.

Errors are assigned as follows: 1. That the first, second and third paragraphs of the complaint do not either of them state facts sufficient to constitute a cause of action. 2. Overruling the demurrer to the second paragraph of the reply. 3. Setting aside the order granting a new trial. 4. Overruling the motion of appellant for a new trial.

1. We need not examine as to the sufficiency of each paragraph of the complaint, for the reason that if any one of them, forming a proper foundation for the judgment, is sufficient, the judgment cannot, on this assignment, be reversed. The first paragraph is for money had and received, in the sum of three thousand dollars. This paragraph more than covers the amount of the judgment, which was for two thousand and eighty-five dollars, and is unobjectionable, so far as we can see. *Waugh* v. *Waugh*, 47 Ind. 580.

2. We do not examine particularly the second paragraph of the reply, for the reason that the first paragraph of the answer to which it is pleaded is not good. *Menifee* v. *Clark*, 35 Ind. 304. By the statute of limitations, the action must be commenced within the prescribed period after the cause of action has accrued. 2 G. & H. 156, sec. 210. The first paragraph of the answer, instead of alleging that the cause of action did not accrue within the prescribed period, alleges that the defendant did not, at any time within six years next before the commencement of the action, undertake, promise or agree, etc. As the cause of action upon a contract does not necessarily, nor, perhaps, generally, accrue when the promise is made, but only when it is violated, it must follow that the first paragraph of the answer is bad. At common law, there was a clear distinction between the plea of *non assumpsit infra sex annos*, and *actio non accrevit infra sex annos*. Where the cause of action and the promise were contemporary, the former mode of pleading might be adopted; but

where the cause of action arose subsequently to the promise, as in the case of executory contracts, the latter form was used; for, although the promise was not made within the limit, the cause of action may have accrued within the time, which was sufficient to save the right of action from the bar of the statute. The first paragraph of the answer may be liable to other objections.

3. There is no bill of exceptions showing the ground on which the court acted in setting aside the order granting the new trial, in the absence of which it is not for us to say that the action of the court was erroneous.

4. We have stated that there was a bill of exceptions filed setting out the evidence, but no bill of exceptions showing the grounds on which the court acted in overruling the motion for a new trial. Can we, in this condition of the record, say that the court committed an error? Can the question as to the correctness of the ruling of the court in refusing a new trial, the evidence being in the record by a bill of exceptions previously filed, be reserved without a bill of exceptions filed at the time of the ruling on the motion?

After a full consultation, we have come to the conclusion that it can. The reasons, or grounds, for a new trial are stated in the written motion. The motion is part of the record without a bill of exceptions. The evidence, and the points made and reserved during the trial, are set forth and stated in the bill of exceptions. Nothing else is necessary to present the questions.

No question is made under this assignment of error, except as to the sufficiency of the evidence to justify the verdict of the jury. Some matters are brought to view in the case that we can but regard as exceedingly disreputable on the part of both plaintiff and defendant and others participating therein. We have been led to consider whether or not these matters are so intimately connected with the cause of action as to render the alleged contract void. Not being satisfied that such is the case, we have carefully examined the evi-

dence, and have arrived at the conclusion that the judgment cannot be reversed on the evidence.

The judgment is affirmed, with two per cent. damages and costs.

ON PETITION FOR A REHEARING.

DOWNEY, C. J.—In a petition for a rehearing, the appellant again urges the insufficiency of the evidence to justify the verdict of the jury. It is insisted that the evidence shows only an express trust, and that as there was no writing to prove its existence, it cannot be enforced.

The consideration for the conveyance of the land to the appellant moved from the appellee, and the appellant agreed to sell the land, pay certain debts of the appellee, and account to him for the residue of the amount received. The appellant sold the land and received the purchase-money. He paid a small amount in discharge of the debts of the appellee, and also a part of the residue, but refused to pay the remaining part. For this residue the judgment was rendered. We think, according to *McDonald* v. *McDonald*, 24 Ind. 63, *Gwaltney* v. *Wheeler*, 26 Ind. 415, and *Milliken* v. *Ham*, 36 Ind. 166, the trust was valid, as a resulting trust, without any declaration or acknowledgment thereof in writing.

The petition is overruled.