[No. 420.  On Rehearing, August 20, 1895.]

# E. D. BULLARD, Plaintiff in Error, v. LORENZO LOPEZ, Defendant in Error.

Promissory Note—Limitation—Plea, Non Assumpsit Infra Sex Annos, Sufficiency of—Replication.—In a suit on a promissory note maturing at a future date, where the plea was non assumpsit infra sex annos, when it should have been actio non accrevit infra sex annos, and plaintiff, instead of demurring thereto, as he might successfully have done, replied a new promise, and issue was joined thereon, and the parties went to trial as though the proper plea had been made, and all the evidence was directed to the issue thus raised, the plea became sufficient to enable defendant to rely on the statute as a bar, plaintiff's action not having accrued within six years before the commencement of his suit.  Soulden v. Van Rensselaer, 3 Wend. 472.

Motion for rehearing.  Denied.

The court states the case on the rehearing.

Frank Springer for plaintiff in error.

T. B. Catron for defendant in error.  Chas. A. Spiess of counsel.

The plea of non assumpsit infra sex annos does not apply in this case.  It was bad in substance, and is not cured by the replication.  Hale v. Andrus, 6 Cowen, 230.

The plea of actio non accrevit infra sex annos is necessary whenever the declaration contains a count on a cause of action which did not accrue until after the making of the contract.  3 Chitty, Pl. 938.  See, also, 1 Comyn's Dig. 336; 2 Saunders, 63; 1 Modern Rep. 89; 2 Lord Raymond, 838; 3 Stark. 71.

The statute of limitation operates to extinguish the remedy, but not to affect the cause of action.  Bank v. Eldred, 130 U. S. 693; Campbell v. Holt, 115 U. S.

620; Booth v. Hoskins, 75 Cal. 271; Keith v. Keith, 26 Kan. 26.

When it is alleged that a statute of limitation must be liberally expounded, is not meant extending the statute to cases not clearly within its provisions, but in refusing to withdraw from its operation such as it manifestly does embrace. Bedell v. Jenney, 9 Ill. 208; Angell on Lim., sec. 485.

The statute limits to solely six years from the time the action accrues, and not from the date of promise. Comp. Laws, N. M. 1860.

In construing statutes, it is held that cases within the reason of the statute, but not within the words, are not barred, but may be considered as omitted cases, which the legislature has deemed proper to limit. Bedell v. Jenney, 9 Ill. 208; Pease v. Howard, 14 Johns. 479; Bass v. Bass, 8 Pick. 362; Jordan v. Robinson, 15 Me. 167; Keith v. Ester, 9 Port. 669; Pennington v. Castleman, 6 Ill. 257; Smith v. Lockwood, 7 Wend. 241.

Any pleading by which the truth of an allegation is disputed is termed a pleading by way of traverse or denial. 1 Chitty, Pl. 605.

Every pleading must be construed strongest against the pleader. Id. 437.

An immaterial issue is when an immaterial allegation is not decisive. Garland v. Davis, 4 How. 146.

If a plea is bad, but confesses the cause of action, without setting up a sufficient avoidance, judgment can with propriety be rendered for plaintiff. Id. 149.

The plea of limitation is a plea of confession and avoidance. Garnett v. Beaumont, 24 Miss. 387.

When defendant confesses and avoids by such matter as can never be made good by any manner of pleading, judgment shall be given for plaintiffs on the confession. Green v. Bailey, 5 Munf. 250; Baird v. Mattox, 1 Cald. (Va.) 257.

The ˙ declaration contains two counts, one on a promissory note, the other on a promise by parol. They are separate and distinct, and allege different causes of action. The plea of limitation, was good, to the second count, and bad, to the first count. Being good as to the second count, it will be held to answer to that count, and was, therefore, not demurrable. Perkins v. Burbank, 2 Mass. 81. See, also, 2 Saunders, 63 b. and c., note 2.

The case of Soulden v. Van Rensselaer, 3 Wend. 472, has no application in this case. Here plaintiff holds to the declaration—does not confess the plea nor avoid it.

For distinction where the reply alleged a new promise, and where it traversed, see Hale v. Andrus, 6 Cowen, 226. See, also, Mallory v. Lamphear, 8 How. Pr. 491; Garnett v. Beaumont, 24 Miss. 378; Perkins v. Burbank, supra; Miller v. Merrill, 14 Johns. 347; Trimmer v. Larrison, 8 N. J. Law, 56; Murdock v. Winter, 1 H. & G. (Md.) 322; McCollister v. Willey, 52 Ind. 383; Oades v. Oades, 6 Neb. 305; Graham v. Dixon, 3 Scam. (Ill.) 116; Minor v. Kelly, 5 B. Mon. (Ky.) 273; Garland v. Davis, 4 How. (U. S.) 145.

If a pleading is insufficient as a defense, it must be challenged by demurrer, not by objection to the evidence. Van Sickle v. Keith, 87 Iowa, 13; Brenneman v. Edwards, 55 Id. 374; Printing Co. v. Tucker, 73 Id. 755; Benjamin v. Vieth, 80 Id. 149.

COLLIER, J.—In this case the motion for rehearing is made, not upon the main question decided by this court at the July, 1894, term thereof, but upon a question raised for the first time here, to wit, that the plea of the statute of limitations, being in form non assumpsit infra sex annos, etc., presented no obstacle to the obtaining by plaintiff of a judgment in the court below. This court held at said term that such a plea was not a proper plea to an action on a promissory

note falling due at a future date, and that, if demurrer
had been interposed to the same, it should have been
held bad, but that, plaintiff having joined
issue thereon, it became material in the
case.   More properly, perhaps, it should
have been held that it became a sufficient
plea to the extent of enabling defendant to rely on the
statute as a bar, if in fact plaintiff's action had not
accrued within six years before the commencement of
his suit.   In the case of Soulden v. Van Rensselaer, 3
Wend. 472, cited and relied on by this court, it was
said:   "The declaration is on a promise to perform a
future act, and the plea of non assumpsit infra sex
annos was improper.   It should have been a plea of
non accrevit infra, etc.   A demurrer to it would have
been sustained, but the plaintiffs preferred to take issue
upon what they probably foresaw would be the main
question in the cause.   As neither the original promise
nor the accruing of the action was within six years,
etc., the plaintiffs must have expected to recover on a
new promise or acknowledgment of the debt within
that time.   It was the issue formed by the pleadings,
and the one in fact tried.   It was intended to be the
material issue in the cause, and yet we are asked to
overlook it and declare it to have been immaterial, and
for that reason to give judgment in favor of plaintiffs.
\*   \*   \*   The fact to be tried—the renewal of a demand
by a new promise—was considered at issue by the
parties, and I am therefore disposed to regard the
pleadings as having terminated in an informal rather
than an immaterial issue.   There can not, I think, be
any reasonable doubt that the defect of the issue in this
case is as effectually cured by the verdict as it would be
in a case where 'not guilty' should be pleaded to a dec-
laration in assumpsit.   A verdict in the latter case
has been held to cure the defect of such an issue.   Cro.
Eliz. 470; 1 Saund. 319a, note 6."   To change the

PROMISSORY note: limitation: plea, non assumpsit infra sex annos, sufficiency of.

title of that case and substitute that of this would be all required, if its reasoning is satisfactory.

The brief of appellee on the motion for a rehearing gives evidence of research in the number of cases collected which lay down the doctrine that such a plea is utterly immaterial and presents no obstacle whatever; but, as we read them, there is but one (Mallory v. Lamphear, 8 How. Prac. 491) when the doctrine was decisive of the case. In Mallory v. Lamphear, supra, a plea of non accrevit infra sex annos, etc., would have under the facts constituted a bar. This case is quite meagre. It was on a note payable immediately. It is seen that the making of the note and the accrual of the right of action were coincident in time. We do not think, as to that case, that the plea was any other than informal, and the reasoning in Soulden v. Van Rensselaer more commends itself to our judgment. There seemed to have been no other pleadings in that case than a declaration and a plea without reply or joinder of issue thereon. In the case at bar it may be that had there been joinder of issue on the plea of general issue, and a failure to notice the plea of "non assumpsit infra sex annos," etc., the plea being in itself bad and in strict form presenting no issue, the court below might have ignored it, and directed a verdict for plaintiff, or, if it had been the only plea, and no issue joined thereon, plaintiff might have been entitled to a verdict. A joinder of issue, however, and a trial, where a new promise is shown to be relied on for recovery, presents a different phase. No one is surprised, and the trial proceeds exactly as if the plea had presented the issue of non accrevit, etc., in strict form. In Graham v. Dixon, 3 Scam. (Ill.) 116, what the court says as to the plea of non est factum is dictum, the question there decided being that defendant was estopped from urging his own mispleading to the prejudice of plaintiff. In McCollister v. Willey, 52 Ind. 382, all that was decided

was that a plea of non assumpsit infra sex annos, etc., was bad enough for a demurrer to a reply to it to be overruled upon the principle of the demurrer cutting back to the first fault. In Richman v. Richman, 8 N. J. Law, 55, the demurrer also cut back, and was overruled, as in McCollister v. Willey. In Hale v. Andrus, 6 Cowen, 226, it is stated that the issue presented was immaterial, and interposed no obstacle in plaintiff's way, and he could have had judgment non obstante veredicto. It is to be observed that in Hale v. Andrus, supra, there was also a plea of non accrevit, etc., and it appeared from the evidence that the gravamen upon which plaintiff relied for a recovery did accrue within six years. We think that presents a different case from the one at bar, and that were there two such pleas here, as in Hale v. Andrus, supra, one was applicable to plaintiff's first count, and the other to his second count. We think it not necessary to notice further the authorities plaintiff has cited in his brief on this motion, and we are prepared to say that in view of the fact that it is manifest that this case was tried by the parties in the court below upon a reliance by plaintiff on a parol promise to take his action out of the bar of the statute, and that it was assumed by the court and council alike that the pleadings sufficiently raised this question, and the evidence was all directed to it, this court should have determined, just as the court below did, whether plaintiff's action was in law barred or not. We do not think this principle is of universal application, but that each case of this kind is to be judged by itself. If a declaration plainly presents no cause of action, going to trial upon the same would not support a verdict, and if a plea has no semblance of a defense, as was instanced by some judge, viz., that no recovery should be had on a promissory note, because "Robin Hood dwelt in a wood," and issue was joined on that averment, it might be wholly

ignored; yet where it may be inferred there was some attempt to state a defense, and it could be gathered from the evidence and the circumstances of the trial that all parties had recognized that attempt as applicable to evidence offered on the trial, such trial should be considered as not being wholly nugatory, but the record should be looked into and examined as if the pleadings were in form as they were treated and considered in the trial court.

The question was squarely presented in the court below as to whether or not a parol promise revived plaintiff's cause of action. A verdict was directed upon the theory that it did, and this court, disagreeing with the learned judge who tried the cause in the court below, has reversed that decision. No more could have been possibly attained if there had been non accrevit, etc. The motion for rehearing is denied, and it is accordingly so ordered.

SMITH, C. J., and LAUGHLIN, J., concur.