### BACON v. CHAPMAN.

(Supreme Court, Appellate Division, Fourth Department. June 2, 1903.)

1. LIMITATIONS—PLEADING—SUFFICIENCY OF ALLEGATION.
    A plea of limitations to an action for medical services, which was that the services were rendered more than six years before the action, is good, the presumption being that payment for such services was due immediately on their rendition.

2. SAME—ACTIONS ON CONTRACT—BREACH—NONPAYMENT—NECESSITY OF AVER-MENT.
    A count for work and labor must allege a nonpayment of the debt set out, although payment is an affirmative defense.
    Williams, J., dissents in part.

Appeal from Special Term, Oneida County.

Action by Charles J. Bacon against Chester Chapman. From an interlocutory judgment and order sustaining a demurrer to parts of defendant's answer, and from an order amending the same, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and HISCOCK, JJ.

F. D. Gardner, for appellant.
Johnson, Coville & Moore, for respondent.

SPRING, J. The action is to recover for medical services alleged to have been rendered to the defendant by the plaintiff. The answer admits the rendition of the services, but denies they were of the value claimed in the complaint, and contains also a general denial. The fourth count or paragraph is as follows:

"(4) The defendant, for a further answer, set-off, defense, and counterclaim to said complaint, alleges that, if said services were rendered as alleged in said complaint, said services were rendered and said medicines were furnished more than six years prior to the commencement of this action, and the defendant is not liable for the same on account of the statute of limitations."

The demurrer to this separate defense was sustained, as we conclude, erroneously. The answer alleges the services were rendered more than six years prior to the commencement of the action. Presumptively, compensation for the services were due immediately upon their performance. An allegation in a complaint that services of stated kind and value were rendered would not be amenable to the criticism that there was no allegation they were not due, for the presumption that payment was immediately to follow performance would obtain. The authorities cited by the counsel for the respondent do not uphold the decision. In Eno v. Diefendorf, 102 N. Y. 720, 7 N. E. 798, the answer did not allege that the six years had elapsed before the com-

mencement of the action, and it was held bad. The action may have been pending for a year for aught that appears, and it is essential that the full period of limitation intervene the maturity of the claim sued on and the commencement of the action for its enforcement, and that fact must be alleged in setting up the defense. In Mallory v. Lamphear, 8 How. Prac. 491, the action was on a duebill, and the answer, in setting up the statute of limitations, alleged that six years elapsed between the making of the bill and the commencement of the action. The court held the allegation bad on the ground that the duebill became effective from delivery, not from its date. The purpose of an allegation is to apprise the party of the precise cause of action or defense sought to be charged by it. The present averment meets that rule distinctly. In pleading a cause of action or defense allowed by statute it is not absolutely essential to follow the language of the statute itself, but the gist of it. Only the facts which bring the pleader within its purview need be alleged. The complaint itself shows when the services were rendered, and it is apparent more than six years elapsed between their rendition and the commencement of the action, and the plaintiff anticipated the defense referred to by affirmative allegations of an acknowledgment of the debt by the defendant.

The fifth paragraph or count is as follows:

"(5) For a further answer, set-off, defense, and counterclaim the defendant alleges that between the 1st day of May, 1889, and the 1st day of September, 1896, the defendant performed work, labor and services for the plaintiff at his special instance and request to the amount of $49; that said services were reasonably worth the sum of $49."

The court below held this allegation bad; we assume on the ground that there was no averment of nonpayment of the debt set out. We concur with the conclusion reached. It is the essence of a pleading on contract to show the breach upon which the liability arises. The breach in a contract for the payment of money is the failure to pay, and the nonpayment must be alleged the same as any other fact rendering the defendant liable in failing to fulfill his agreement. This is true irrespective of the rule that nonpayment in our practice is an affirmative defense. Lent v. New York R. R. Co., 130 N. Y. 504, 510, et seq., 29 N. E. 988; National Bank of Deposit v. Rogers, 166 N. Y. 380, 387, 59 N. E. 922; Newton v. Browne (City Ct. N. Y.) 26 N. Y. Supp. 83; Krower v. Reynolds, 99 N. Y. 245, 1 N. E. 775. As is urged in the first case cited, unless this rule is to obtain, the complaint might allege a cause of action for the full sum of the original indebtedness, and, if verified, a judgment be entered therefor, if no answer were interposed, although it had been largely reduced by payment. The authorities are fully reviewed in that case, and the general rule as to the necessity of alleging affirmatively a breach of the contract is held to be applicable where the breach is nonpayment of the debt, the same as where damages are sought to be recovered by any other failure of a party to live up to his agreement.

The original interlocutory judgment in this case directed judgment to be rendered without giving leave to the defendant to plead over. After the appeal this was amended upon notice by allowing the defendant, within the requisite time, to interpose an amended answer. This

was for the benefit of the defendant, and conformed to the usual practice.

The interlocutory judgment, with accompanying order, should be reversed wherein it holds the defense of the statute of limitations is not properly pleaded, and should be affirmed as to the holding of the insufficiency of the counterclaim set forth in the fifth paragraph of the answer, with leave to the defendant to plead over upon payment of the costs of the demurrer, and the order amending the interlocutory judgment should be affirmed; costs of this appeal allowed to neither party. All concur, except WILLIAMS, J., who dissents on the ground that the whole judgment should be affirmed.